Commonwealth *v.* Thompson, Appellant.

300

Argued March 15, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR- NOLD, JJ.

*Everett Y. Calvin,* with him *John J. Hudacsek, Jr.,* for appellant.

*Richard P. Steward,* District Attorney, with him *J. Leonard Solomon,* Assistant District Attorney, for ap- pellee.

OPINION BY MR. JUSTICE ARNOLD, April 18, 1955:

Defendant pleaded guilty on an indictment for mur- der. After hearing and consideration of the evidence the court below adjudged him to be guilty of murder in the first degree and fixed the penalty at death. Nei- ther at the trial nor on this appeal has defendant ques- tioned that he is guilty of murder in the first degree.

Defendant's sole contention is that he proved such mitigating circumstances as to prevent the imposition of a penalty greater than life imprisonment. More particularly, he contends that the court erred in disregarding the force of evidence of intoxication of defendant and in overlooking pertinent facts of his background.

As found by the court below, and fully supported by the evidence, the facts are: On October 25, 1954, at approximately 8:00 A.M., the defendant attempted to rape his victim, a 16 year old neighbor, and when she screamed, he choked her into unconsciousness. He carried her into some bushes, and when she regained consciousness he again choked her until she lost consciousness. She again came to and he caused her to lose her senses by striking the side of her head with a quart size bottle. When she again became conscious, he struck her with a large rock until she was unconscious. Thereupon he went to his home, some 85 feet away, secured a paring knife, and returned to the girl, who was then conscious and sitting up. He "pushed her down, pulled her underpants down to her knees and her dress up to her waist and attempted to have sexual relations with her." The girl "forced him off her and he hit her again on the head with a rock and he stuck the knife in her eye and her throat." Defendant then covered her with leaves and debris and left the scene. All of these facts were determined from a statement made by defendant five days after the occurrence, which were not denied in any way at trial. Defendant, then 22 years of age, married and the father of two children, had known the victim for two or three years and knew that she was accustomed to travel along the path where the crime occurred.

He was apprehended on October 30th, some 5 days later, after the body of the girl was discovered by a

member of a searching party. That the body had been well concealed by him is evidenced by the fact that this was the second searching party,—each comprised of some 20 persons,—which had combed the area on two different days.

Defendant submitted evidence that he had gone to the eleventh grade in school, had served honorably in the army for 3½ years, and had never before been in any difficulty with the law; that he was married and the father of two children; that he had marital difficulties resulting from his wife running around, and that this caused him to drink heavily; that he drank heavily on the day before the crime. His testimony was that on the day before, at about nine, he and a friend consumed a fifth of wine in about 15 minutes; that at approximately 2:00 P.M. he and two others acquired two fifths of wine, which they drank until about 7:00 P.M., at which time he was "high" but knew what he was doing. He then "laid down" in his friend's home for approximately a half hour, and thereafter went to his home and retired. He arose at 1:00 A.M., on the day of the occurrence, because he could not sleep, saying he had a "hangover"; and somewhere purchased a pint of "moonshine." He drank this and again went to bed at about 4:00 A.M. He arose at 7:00 A.M. and went for a walk with his dog, and engaged in throwing sticks for the dog to retrieve, until the occurrence. Except for his declaration that he was drunk at the time of the crime, the statement of his father regarding his drinking, and by his mother,—who saw him at 7:00 A.M., that he was drunk because he was staggering, and had been drinking that night,—there was no other proof. Cf. *Commonwealth v. Jones*, 355 Pa. 522, 50 A. 2d 317.

We have examined the record, as we must do, under the Act of 1870, P. L. 15, 19 PS §1187. It leaves no

doubt that all of the elements of murder in the first degree are present. Nothing appears that would permit us to change or modify the penalty. The actions of defendant speak louder than his words and those of his witnesses.

Section 701 of the Penal Code of 1939, 18 PS §4701, provides, inter alia: "In cases of pleas of guilty, the court, where it determines the crime to be murder of the first degree, shall, *at its discretion,* impose sentence of death or imprisonment for life." (Italics supplied). Unless we find a manifest abuse of that discretion, we will not disturb the sentence: *Commonwealth v. Jones,* 355 Pa. 522, 534, 50 A. 2d 317.

Mere intoxication of the defendant does not excuse or palliate his offense unless he was in such a state of intoxication as to be incapable of conceiving any intent: *Commonwealth v. Chapman,* 359 Pa. 164, 168, 58 A. 2d 433. But, it may be such as to lead the trial court to believe that the imposition of death as the penalty would not be warranted. No hard and fast rule as to what proof is sufficient for this purpose can be laid down, but the circumstances of each case must be considered as a whole and the determination permitted to rest in the sound discretion reposed by statute in the court below. For instance, we have held that the court does not err if it does not instruct a jury as to the effect of intoxication upon the penalty to be imposed if it finds a defendant guilty of murder in the first degree: *Commonwealth v. Wooding,* 355 Pa. 555, 50 A. 2d 328; *Commonwealth v. Edwards,* 380 Pa. 52, 110 A. 2d 216. "The guiding principle is that a sound discretion must be applied to the acts and circumstances of each case": *Commonwealth v. Hawk,* 328 Pa. 417, 419, 196 A. 5. "When a defendant seeks to extenuate his offense on the ground of intoxication, the burden is upon him to prove by a fair preponderance of the

evidence that his alleged sodden condition was such as to prevent him from forming any intent . . . At most, therefore, the fact of intoxication, if introduced by a defendant at the trial of an indictment for murder, becomes an issue for the triers of the facts to determine. And, their findings in such regard, as in the case of all other relevant and material facts, are to be accorded both the competency and weight ordinarily ascribable to a jury's verdict": *Commonwealth v. Jones*, 355 Pa. 522, 531, 532, 50 A. 2d 317.

In the instant case, the penalty of death was fully warranted by the evidence. The triers of the facts determined that he did not sustain his burden of proving that his intoxication should reduce the penalty. Their finding was consistent with the evidence, and there being nothing to establish that they abused their discretion, we cannot interfere: *Commonwealth v. Sterling*, 314 Pa. 76, 80, 170 A. 258; *Commonwealth v. LeGrand*, 336 Pa. 511, 517, 9 A. 2d 896. Cf. *Commonwealth v. Edwards*, 380 Pa. 52, 110 A. 2d 216.

Judgment of sentence affirmed.