Commonwealth *v.* Barnosky, Appellant.

Submitted September 29, 1969.  Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Thomas A. Young,* Public Defender Administrator, for appellant.

*William G. Shahade* and *Blair V. Pawlowski,* Assistant District Attorneys, and *Ferdinand F. Bionaz,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 11, 1969:

On January 21, 1959, appellant Stephen Paul Barnosky shot and killed his eighteen year old son following a family quarrel. Counsel was appointed at the time of indictment and, on June 8, 1959, appellant pleaded guilty to murder generally. Following the degree of guilt hearing he was convicted of murder in the first degree and sentenced to life imprisonment. No appeal was taken.

Appellant petitioned for a writ of habeas corpus in 1963. The denial of that writ was affirmed by this Court in *Commonwealth ex rel. Barnosky v. Maroney*, 414 Pa. 161, 199 A. 2d 424 (1964). We there decided that appellant's guilty plea was voluntary and that his wife was competent to testify against him because the case was a criminal prosecution for bodily injury to a minor child.

A PCHA petition was filed by appellant in 1967. Although he checked seven of the twelve boxes on the PCHA form, appellant's primary contention was that he was denied his right to appeal. The petition was denied without a hearing on October 20, 1967, on the dual grounds that he knew of his right to appeal and that he had waived any objection by failing to raise the issue in the previous habeas action. No appeal was taken from this denial.

Undaunted, appellant filed a second PCHA petition on December 18, 1968. It became apparent at the hearing held pursuant to that petition that appellant's fear of possibly receiving the death penalty on retrial played a major role in his decision not to appeal his original conviction. The hearing court correctly concluded that *Commonwealth v. Littlejohn*, 433 Pa. 336, 250 A. 2d 811 (1969), required that appellant be given the right to appeal directly from his conviction.

Appellant then filed a motion for a new trial. Before the trial court had an opportunity to rule on that motion appellant filed another motion, in which the district attorney joined, requesting leave to withdraw the motion for a new trial. The apparent reason for this action was appellant's belief that "the appellate procedure of Pennsylvania does not require a motion for a new trial to be filed prior to the allowance of an appeal."

In the normal situation it would be far wiser for a petitioner who has been granted the right to take a direct appeal as though timely filed to pursue his post-trial motions through to a conclusion. Such a course of action will usually result in a narrowing of the issues involved, thereby permitting appellate courts to focus their efforts on the crucial questions involved, rather than forcing them to expend their energies in a diffuse review of the entire case.* However, since appellant's only contention in this Court involves the sufficiency of the evidence presented at his degree of guilt hearing, and since the record now before us is adequate for deciding this issue, and since the district attorney assented to the premature termination of the post-trial motions, no jurisprudential purpose would be served by refusing to decide this case in its current posture.

Appellant contends that because there was evidence that he was intoxicated at the time of the killing he should have been found guilty of at most second degree murder. It is quite true that ". . . where the charge is felonious homicide, intoxication which is so great as to make the accused incapable of forming a wilful, deliberate, and premeditated design to kill, or incapable

---

* We are, of course, ever mindful of our statutory duty to conduct an independent review of the entire record in all cases involving a conviction of murder in the first degree. Act of 1870, P. L. 15, 19 P.S. §1187.

of judging his acts and their consequences, may serve to reduce the crime of murder from the first to the second degree." *Commonwealth v. Reid,* 432 Pa. 319, 322, 247 A. 2d 783, 785 (1968). Accord *Commonwealth v. Walters,* 431 Pa. 74, 244 A. 2d 757 (1968); *Commonwealth v. Simmons,* 361 Pa. 391, 65 A. 2d 353, cert. denied, 338 U.S. 862, 70 S. Ct. 96 (1949). However, where a defendant claims that his intoxication at the time of a killing prevents that killing from being murder in the first degree, he must prove by a fair preponderance of the evidence that the degree of his intoxication was such as to prevent his forming the requisite intent. *Commonwealth v. Samuel Jones,* 355 Pa. 522, 50 A. 2d 317 (1947). Cf. *Commonwealth v. Thompson,* 381 Pa. 299, 113 A. 2d 274 (1955). "At most, therefore, the fact of intoxication, if introduced by a defendant at the trial of an indictment for murder, becomes an issue for the triers of the facts to determine. And, their findings in such regard . . . are to be accorded both the competency and weight ordinarily ascribable to a jury's verdict." *Commonwealth v. Samuel Jones,* 355 Pa. 522, 532, 50 A. 2d 317, 322 (1947).

Viewing the case in this manner, we find that the appellant cannot prevail. The trial court specifically found that appellant was not "so under the influence of intoxicating liquor that he was unable to form a specific intent to take life." The evidence adduced as to intoxication established that defendant had a glass of wine early in the morning, a one-third share of a half pint of whiskey around noon, and two shots of whiskey between 2:30 and 3:30 in the afternoon. The killing took place at approximately 4:30 P.M. Appellant's daughter testified that he was "drunk" at the time of the killing, and the arresting officer testified that the odor of liquor was noticeable on appellant's

breath. No medical testimony was introduced. We cannot conclude from this evidence that the trier of fact abused its discretion in finding that appellant had not proved by a preponderance of the evidence that he was exculpatorily intoxicated.

The second contention pressed by appellant is that there was sufficient cause of provocation on the part of his son to reduce the killing to voluntary manslaughter. "To reduce an intentional blow, stroke or wounding, resulting in death, to voluntary manslaughter, there must be sufficient cause of provocation and a state of rage or passion, without time to cool, placing the prisoner beyond the control of his reason, and suddenly impelling him to the deed. If any of these be wanting—if there be provocation without passion, or passion without a sufficient cause of provocation, or there be time to cool, and reason has resumed its sway, the killing will be murder: Com. v. Drum, 58 Pa. 9 (17)." *Commonwealth v. Paese*, 220 Pa. 371, 373, 69 Atl. 891, 892 (1908), cited in *Commonwealth v. Walters*, 431 Pa. 74, 82, 244 A. 2d 757, 762 (1968). See *Commonwealth v. Palermo*, 368 Pa. 28, 81 A. 2d 540 (1951); *Commonwealth v. Cargill*, 357 Pa. 510, 55 A. 2d 373 (1947).

The trial court found that: "Defendant is not guilty of voluntary manslaughter because the provocation was not adequate to reduce the killing to that offense. The scuffle between defendant and his son on the back porch was by no means a serious affair whether the testimony of defendant or the testimony of the Commonwealth's witnesses be relied upon. Even if it had been more serious, sufficient time elapsed after the scuffle for whatever passion [that] was engendered thereby to cool. After it was over, defendant, according to his daughter's testimony, went out of the house for four or five minutes before returning. Even ac-

cording to his own testimony he went upstairs, obtained the rifle, went to the dresser drawer, obtained the shells, came downstairs and shot his son who was then outside of the house. Under these circumstances the killing was certainly a malicious one and not a voluntary manslaughter." Our review of the record convinces us that the trial court's conclusions are amply supported and entirely accurate.

Judgment of sentence affirmed.

Mr. Chief Justice BELL concurs in the result.