## Commonwealth *v.* Duncan, Appellant.

320

Argued November 24, 1969. Before Bell, C. J., Jones, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Anthony F. List,* Assistant Public Defender, with him *R. Barclay Surrick,* Assistant Public Defender, and *Charles J. Odgers, Jr.,* Public Defender, for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Eagen, March 20, 1970:

On March 24, 1960, Johnnie Lee Duncan entered a general plea of guilty to an indictment charging him with the murder of his wife. A hearing followed before the court, and Duncan was adjudged guilty of murder in the first degree and was sentenced to life imprisonment. Throughout these proceedings, Duncan had the assistance of legal counsel. No appeal was entered.

In April 1965, Duncan filed a petition for habeas corpus, which was dismissed after a hearing by the trial court. On appeal we affirmed. See 424 Pa. 385, 227 A. 2d 659 (1967). In these proceedings Duncan

was without counsel on appeal, but had the assistance of privately retained counsel in the trial court.

In July 1967, Duncan instituted proceedings in the United States Court for the Eastern District of Pennsylvania, and that court concluded Duncan had not been fully advised of his right to appeal from his conviction and sentence, and directed that the State court permit him to file post-trial motions as if timely filed. This mandate was obeyed, and a motion for a new trial was filed. After argument, this motion was dismissed and Duncan filed this appeal. In the prosecution of the new trial motion below and in this appeal, Duncan has had counsel.

It is first urged that Duncan's guilty plea of March 24, 1960, was invalid because it was not "knowingly and intelligently" entered. The record establishes otherwise.

The trial record discloses that, before the plea was accepted, Duncan, in response to questions by the trial judge, clearly indicated that he knew that he was pleading guilty to murder and that, after the evidence was presented, it was for the court to decide the crime of which he was guilty and the punishment to be imposed. At the hearing that followed, two eyewitnesses testified to seeing Duncan stab his wife with a knife, causing the wounds which resulted in her death. Duncan testified personally and, during the course thereof, admitted that he stabbed his wife during an argument. He testified in part: "I pushed her back and I run my hand in my right pocket, I pull out a knife and I open it and I start cutting her."

While it is true that the record of the plea proceedings fails to disclose any inquiry by the court to insure that the plea was the voluntary act of Duncan[1] and

---

[1] In this appeal it should be noted that it was not asserted that the plea was involuntarily entered, but only that it was not a knowing and intelligent plea.

that he was aware of his right to a trial by jury,[2] the testimony at the habeas corpus action in 1965 resolves all doubts in this respect. At this hearing, Duncan's counsel appointed six months before trial, testified and made it abundantly clear that, before plea, Duncan was aware of his right to trial by jury, the consequences of a guilty plea and that the decision to plead guilty was Duncan's own free act.

It is next argued that the evidence does not support a finding of first degree murder. Again we disagree. The evidence established that Duncan stabbed his wife sixty times and nearly severed her head with the blows. While the defendant testified at trial that he had consumed a quantity of intoxicants before the fatal occurrence, and that his wife started the argument that preceded the stabbing, the credibility of his testimony was for the trial court. Moreover, where a defendant claims that intoxication at the time of the killing prevents the killing from being murder in the first degree, he must establish by a fair preponderance of the evidence that the degree of intoxication was such as to prevent his forming the requisite intent to take life: *Commonwealth v. Barnosky,* 436 Pa. 59, 258 A. 2d 512 (1969) ; *Commonwealth v. Walters,* 431 Pa. 74, 244 A. 2d 757 (1968) ; *Commonwealth v. Jones,* 355 Pa. 522, 50 A. 2d 317 (1947) ; *Commonwealth v. Kline,* 341 Pa. 238, 19 A. 2d 59 (1941).

In passing we note that Duncan, at trial, admitted purchasing the knife used in the stabbing several hours before the killing and described just about every detail of the fatal occurrence, except how many times and where he cut his wife. This hardly indicates a mind

---

[2] As to the course to be followed by the court before accepting a guilty plea, see *Commonwealth v. Cushnie,* 433 Pa. 131, 249 A. 2d 290 (1969) ; *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968) ; and *Commonwealth ex rel. Barnosky v. Maroney,* 414 Pa. 161, 199 A. 2d 424 (1964).

lacking capacity to plan and know: Cf. *Commonwealth v. Eckhart*, 430 Pa. 311, 242 A. 2d 271 (1968).

The final contention is that the court erroneously refused to permit testimony to show that, as the result of an assault on a third person, the victim had been in prison previous to the date here involved. The record does not support the assertion that the court excluded such evidence, but indicates that Duncan's counsel, for apparent strategic reasons, withdrew his questions concerning the nature of the charge for which the victim had been in prison. This being so, the issue may not be raised now. Moreover, Duncan was permitted to testify to several assaults allegedly made upon him by his wife to support his position that she was of a violent temperament, and the provoker of the trouble that ended with her death. The evidence which it is now claimed was excluded would merely be cumulative, and, in view of all the circumstances and testimony, its exclusion would not be sufficient, in itself, to warrant upsetting the conviction.

Judgment affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.