346 A.2d 298

**COMMONWEALTH of Pennsylvania**
v.
**William HAYWOOD, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 11, 1974.

Decided Oct. 3, 1975.

William J. Brady, Jr., Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Benjamin H. Levintow, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION

POMEROY, Justice.

Appellant, William Haywood, was convicted by a jury of murder in the first degree, aggravated robbery, conspiracy and carrying a firearm on a public street without a license. After denying Haywood's post-verdict motions, the court imposed sentence of life imprisonment for the murder conviction and ten to twenty years imprisonment for the robbery conviction, the sentences to run concurrently.[1] This appeal from the murder conviction followed.[2]

Haywood's arrest and the charges ultimately brought against him stemmed from the robbery and fatal shooting of one Roy Jordan, a gasoline station attendant in Philadelphia on February 20, 1973. While in police custody, appellant made two incriminating statements in which he admitted that, with four accomplices, he had perpetrated the robbery and had, himself, shot Jordan when it appeared that the latter was reaching for a gun. In his statement Haywood also declared that a short time prior to the robbery he and his four friends had consumed "four half-gallons" of wine. These statements

1. For the remaining convictions, appellant received suspended sentences.

2. The jurisdiction of this Court over the instant appeal is found in the Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1975).

were introduced at trial by the prosecution in its case in chief.

At the close of trial, appellant submitted the following point for charge, which was denied.

"[I]ntoxication can go to the reduction of the crime of first degree murder to second degree murder if you believe the defendant was so distorted by his consumption of alcohol that he could not have formed the specific intent to kill and that hardness of heart which is necessary in all crimes under the heading of first degree murder."

In this appeal, Haywood alleges, *inter alia,* that the denial of this requested instruction to the jury constituted reversible error. We believe that an instruction substantially in accordance with the submitted point was warranted and, therefore, will reverse.

In denying appellant's motion for a new trial, the court held that the requested instruction was not appropriate because the principal theory by which the prosecution sought to obtain its conviction was that of felony-murder. In so holding, the court relied upon the law in this Commonwealth, as reiterated in this Court's decision in *Commonwealth v. Tarver,* 446 Pa. 233, 240, 284 A.2d 759, 762 (1971) wherein we stated:

It has long been the law in Pennsylvania that where a killing is committed by one of the participants in the perpetration of, or in an attempt to commit, a robbery, i. e., felony, it is murder in the first degree, even if a felonious intent is absent. Hence, the fact that the accused may have been intoxicated at the time has no bearing on the degree of guilt." [3]

**3.** Neither in the trial court nor in this appeal has appellant challenged the soundness of this principle. It is to be noted, however, that the recent decision of this Court in *Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661 (1975) effectively overrules *Tarver* to the extent that *Tarver* reaffirmed the proposition that evidence of voluntary intoxication is not relevant in felony-murder cases. *Id.* at 122, 334 A.2d at 663.

■■■ Murder in the first degree includes, of course, both willful, deliberate, and premeditated killing, i. e., homicide committed with the specific intent to kill, and felony-murder. The Penal Code, Act of June 24, 1939, P.L. 872, § 701, as amended by Act of December 1, 1959, P.L. 1621, § 1, 18 P.S. § 4701 (1963).[4] With regard to prosecutions for murder in the first degree of the former type, it has long been the law that the jury is entitled to consider whether the accused was so intoxicated at the time of the killing that he did not possess the specific intent to kill and could not, therefore, be guilty of murder in the first degree. *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974); *Commonwealth v. Duncan,* 437 Pa. 319, 263 A.2d 345 (1970); *Commonwealth v. Barnosky,* 436 Pa. 59, 258 A.2d 512 (1969); *Commonwealth v. Jones,* 355 Pa. 522, 50 A.2d 317 (1947). Such a rule is necessary to insure that a defendant is not convicted of that crime when one of its essential elements is absent; but the jury may still convict the accused of murder in the second degree, assuming, of course, that all of the other elements of that offense are proved.[5] See *Commonwealth v. Barnosky, supra,* 436 Pa. at 62–63, 258 A. 2d at 514; *Commonwealth v. Reid,* 432 Pa. 319, 322, 247 A.2d 783, 785 (1968). See also *Commonwealth v. Stewart,* 461 Pa. 274, 124–125, 336 A.2d 282, 285 (1975).[6] In

4. This Act was repealed and replaced by the Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1 (effective June 6, 1973), as amended by the Act of March 26, 1974, P.L. ——, No. 46, § 4, 18 Pa.C.S. § 2502. Under the Crimes Code the crime of murder in the first degree is similarly defined. See 18 Pa.C.S. § 2502. Because the offense allegedly committed by appellant occurred prior to the effective date of the act, this case is governed by the Penal Code of 1939.

5. Malice, the mens rea which is an essential element of both degrees of murder, may not be negatived by evidence of voluntary intoxication. *Commonwealth v. Ingram,* 440 Pa. 239, 247, 270 A. 2d 190, 194 (1970).

6. The rule concerning the admissibility of evidence of voluntary intoxication was customarily expressed in terms of its relevance for the purpose of *reducing* the crime of murder in the first degree to that of murder in the second degree. See e.g. *Common-*

the case at bar, although the principal emphasis of the Commonwealth's presentation was that defendant was guilty of a felony-murder, it also proceeded on the theory of willful, deliberate and premeditated murder, and the trial court instructed the jury fully upon that offense. The jury was thus given the opportunity of finding that appellant had not committed the homicide in the further-ance of the robbery but that, nevertheless, he had inflict-

wealth v. Reid, 432 Pa. 319, 322, 247 A.2d 783, 785 (1969); Com-monwealth v. Barnosky, 436 Pa. 59, 63, 258 A.2d 512, 514 (1969); Commonwealth v. Jones, 355 Pa. 522, 50 A.2d 317 (1947). This formulation reflected the proposition that there rested on the de-fendant a burden of proving by a preponderance of the evidence that his state of intoxication prevented him from being guilty of the crime of murder in the first degree, a view which we disap-proved in Commonwealth v. Rose, 457 Pa. 380, 390, 321 A.2d 880–884 (1974). See also Commonwealth v. Simms, 462 Pa. 26, 333 A.2d 477 (1975); Commonwealth v. Demmitt, 456 Pa. 475, 321 A.2d 627 (1974). In Rose it was argued that to place upon the defendant the burden of proving intoxication is violative of the principles of due process of law as defined by the Supreme Court of the United States in In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 1073, 25 L.Ed.2d 368, 375 (1970). It was there held that due process demands that an accused be convicted upon nothing less than proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. Ibid. The majority of the Court in Rose, however, found it unnecessary to speculate as to the reach of the Winship holding, particularly in light of Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), (holding that a state statute was not violative of due process which required a defendant in a criminal proceeding to prove his insanity beyond a reasonable doubt) and based its deci-sion, therefore, on state evidentiary law. 457 Pa. at 386, 321 A.2d at 883. The Supreme Court's recent decision in Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 [1975], how-ever demonstrates that the rule enunciated in Rose, is in all probability constitutionally mandated. The Court there held that, under Winship, a state may not compel a defendant to disprove any element of the crime with which he is charged; rather, the burden of proof beyond a reasonable doubt of each element of the offense must be borne by the prosecution. ". . . [R]efusing to require the prosecution to establish beyond a reasonable doubt the fact upon which [the case] turns . . . denigrates the interest found critical in Winship." Mullaney v. Wilbur, supra, at 698, 95 S.Ct. 1889. The status of Leland v. Oregon continues in doubt under Mullaney which cited it without comment. 421 U.S. 684 at 95 S.Ct. 1881. But see the concurring opinion of Rehnquist, J., 421 U.S. at 684, 95 S.Ct. 1881.

ed the fatal wound with the specific intent to kill. Because the verdict was simply murder in the first degree, it is impossible to determine its legal basis. The issue of appellant's mental capacity as influenced by the consumption of alcohol at the time of the commission of the crimes with which he had been charged had been placed before the jury through the introduction of appellant's confession in the prosecution's case in chief. *Commonwealth v. Rose, supra,* 457 Pa. at 390, 321 A.2d at 884.[7] The trial court, therefore, committed reversible error in refusing to instruct the jury that it could consider such evidence when determining whether the Commonwealth had proved beyond a reasonable doubt that appellant had possessed the specific intent to kill necessary to support a finding of premeditated murder.[8]

Judgment of sentence reversed and a new trial ordered.

ROBERTS, J., filed a concurring opinion in which NIX and MANDERINO, JJ., join.

EAGEN, J., filed a dissenting opinion in which JONES, C. J., and O'BRIEN, J., join.

ROBERTS, Justice (concurring).

7. "Such evidence [of the defendant's state of mind] may be adduced by the defendant as part of his case, or, conceivably, may be found in the Commonwealth's own case in chief or be elicited through cross-examination." 457 Pa. at 390, 321 A.2d at 884.

8. The instruction as presented by appellant in his point for charge was inaccurately framed insofar as it would have evidence of voluntary intoxication considered by the jury as a factor which would negative the existence of *malice,* i. e. "hardness of heart" (See *ante* at 301). *Commonwealth v. Ingram, supra.* The point for charge was, nevertheless, sufficient to call to the court's attention the correctness of such an instruction, with appropriate modification. " '. . . A party whose requested point, although erroneous, alerts the trial judge to an important issue in the case, does have just cause for complaint if the law to which that point pertains is not otherwise correctly stated in the charge.' " *Commonweath v. Mitchell,* 460 Pa. 665, 334 A.2d 285, 289 (1975) quoting *Commonwealth v. Sisak,* 436 Pa. 262, 270, 259 A.2d 428, 432 (1969).

 Although I agree with the majority's result in this case, I must disagree with the assertion that appellant's proposed instruction was incorrectly framed. Appellant did not request an instruction that intoxication could negate malice. His only contention was that intoxication may negate the specific intent to kill necessary for a conviction of murder in the first degree. It is clear from the context of his proposed instruction that his reference to "hardness of heart" was not intended to refer to malice generally.*

 Moreover, as the majority correctly concludes, the suggested instruction, even if erroneous, was sufficient to alert the trial court to the issue and thus preserve it for appellate review. Consequently, it is immaterial to this case whether the suggested instruction was precisely correct.

Because of this error, the majority incorrectly reaches the question whether intoxication may negate malice. This issue is not before the Court in this case and any discussion of it is therefore mere dictum.

NIX and MANDERINO, JJ., join in this concurring opinion.

EAGEN, Justice (dissenting).

In *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974), this Court ruled that if in the trial of one charged with a willful, deliberate and premeditated murder, his mental capacity as influenced by the consumption of alcohol at the time of the killing *is put in issue*, then the trial court must instruct the jury to consider the evidence of his intoxication in determining if the Com-

---

* "Hardness of heart" does not adequately define malice and is of little use in the proper analysis of that legal concept. See *Commonwealth v. Taylor*, 461 Pa. 557, 564, 337 A.2d 545, 549 (1975) (concurring opinion of Roberts, J., joined by Jones, C. J., and Eagen and Manderino, JJ.); W. LaFave & A. Scott, Handbook on Criminal Law §§ 67–70 (1972).

monwealth established beyond a reasonable doubt the specific intent to kill necessary to support a finding of premeditated murder. With this principle of law, I do not quarrel. My position is it has no application in this case.

At no time during the trial of this case did Haywood, or any other witness, say he was intoxicated or say he was under the influence of intoxicants when he committed the robbery and killing for which he was on trial. But, says the opinion directing a new trial, the issue of Haywood's mental capacity was introduced into the case by the Commonwealth's evidentiary use of Haywood's pretrial confession. I submit this is incorrect.

It is true that in his pretrial confession Haywood said he and his accomplices in the crimes drank "about four half a gallons" of wine shortly before the robbery. But, he did not say how much of the wine he drank personally, and in no part of the statement did he say he was intoxicated, disorientated or under the influence of the wine when he participated in the crimes. I, therefore, fail to see how Haywood's mental capacity was "put in issue" by his confession. Also, it is fundamental that a trial judge is not required to give an instruction on issues not raised by the evidence. See *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973).

Finally, I note with sadness that the opinion directing a new trial cites with approval the recent decision of a majority of this Court in *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975). My evaluation of that decision was stated in my dissenting opinion and need not be repeated here.

I dissent.

JONES, C. J., and O'BRIEN, J., join in this dissent.