369 A.2d 886

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth PEACOCK, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Feb. 18, 1977.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Deborah E. Glass and Steven H. Goldblatt, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

The facts in this case are uncontroverted. On August 16, 1975 two Philadelphia police officers, James Cattalo and Harry Marnie were walking down Wolf Street in Philadelphia after working the night shift. Officer Cattalo was wearing his blue policeman's shirt, which was unbuttoned and out of his trousers, his official blue-striped police trousers and his service revolver on his right hip. He did not have his nameplate, badge, blackjack or nightstick. Officer Marnie was dressed in civilian clothes. At approximately 10:15 a. m., as both men proceeded down the street side-by-side, Officer Cattalo felt numerous tugs on his service revolver, brought his right hand down to keep the gun in its holster and yelled "He's got my gun." Officer Marnie, viewing the appellant Kenneth Peacock with his arm between Officer Cattalo's right hip and arm, thereupon proceeded to punch the appellant twice in the head knocking him down. The appellant began kicking his feet and swinging his arms wildly at the officers and yelled "Don't lock me up, I have a wife and four kids." Unable to subdue the appellant, and after telling him he was under arrest, Officer Cattalo kicked the appellant in the chest thereby stopping the kicking and swinging. Appellant was charged with

attempted theft by unlawful taking or disposition, resisting arrest and two counts of simple assault. The Commonwealth introduced two witnesses, both police officers, who testified, as far as is relevant for the purpose of this appeal, that there was a bar in the vicinity but that they didn't see where the appellant came from. Officer Cattalo testified that the appellant appeared to be drinking but that his wobbly condition could have been from the blows he received, he wasn't sure. He also testified that the appellant appeared "gazy-eyed" and "starry-eyed" but that he did not smell any liquor on his breath. Officer Marnie testified that "he appeared to have something to drink" and that the appellant staggered at detective headquarters. The defendant demurred to the Commonwealth's evidence, rested, and was convicted only of resisting arrest.[1] He was sentenced to 18 months probation conditioned on his undergoing psychotherapy. This appeal followed.

■■ Appellant raised a number of allegations of error in his post-trial written motions but argued only one point in his appellate brief. All other points are therefore deemed waived. *Commonwealth v. Mitchell,* 464 Pa. 117, 346 A.2d 48 (1975); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Bronaugh,* 459 Pa. 634, 331 A.2d 171 (1975). The sole issue thus preserved for this appeal is the propriety of the lower court's refusal to charge the jury in accordance with *Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661 (1975). The appellant contends that sufficient evidence of intoxication was introduced in the Commonwealth's case-in-chief to warrant a *Graves* instruction. The lower court ruled that insufficient evidence of intoxication was introduced and therefore denied the requested instruction. We agree with the lower court and affirm the judgment of sentence.

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 5104 (1973).

Admittedly, at the time the appellant was brought to trial,[2] "evidence of intoxication or drugged condition of the defendant [could have been] offered by the defendant whenever it [was] relevant to negative an element of the offense, 18 Pa.C.S. § 308 added by Act of December 6, 1972 (P.L. 1482, No. 334) § 1." *Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661, 665 n. 8 (1975). And it is quite possible that the charge to the jury could be required because of evidence found in the Commonwealth's own case-in-chief. *Commonwealth v. Rose,* 457 Pa. 380, 389, 321 A.2d 880, 884 (1974). However, before such an instruction can be required "there must be evidence in the case sufficient to place in issue that fact concerning defendant's mental condition." *Commonwealth v. Rose,* 457 Pa. 380, 389, 321 A.2d 880, 884 (1975). Such evidence is absent in this case. Unlike *Commonwealth v. Graves,* supra, in which the defendant testified that he had consumed a quart or more of wine and had taken an LSD pill, or *Commonwealth v. Haywood,* 464 Pa. 226, 346 A.2d 298 (1975) in which a statement was read into evidence in which the defendant stated that he and his friends had consumed "four half-gallons of wine," or *Commonwealth v. Rose,* supra, in which there was direct testimony that the defendant had been drinking early in the morning and had a blood alcohol content of .24%, the record in this case is devoid of any such evidence indicating that appellant was in fact intoxicated at the time of the incident. The testimony of the two police officers was no more than conjecture and speculation and as such did not require the *Graves* charge. *Commonwealth v. Rose,* supra; *see, Commonwealth v. Mott,* 234 Pa.Super. 52, 334 A.2d 771 (1975) (per Van der Voort J., with two judges concurring), *Commonwealth v. Brown,* 462 Pa. 578, 342 A.2d 84

2. The decision in *Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661 (1975) was nullified through recent legislation. *See* Act of April 7, 1976, P.L. ——, No. 32, 18 Pa.C.S. § 308 *amending* 18 Pa. C.S. § 308 (1973).

(1975); *Commonwealth v. Tervalon,* 463 Pa. 581, 345 A. 2d 671 (1975); *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973). Therefore, because the appellant did not establish the factual foundation for his requested charge, it did not "bear upon an issue in the case" and the trial court properly refused the instruction. *Commonwealth v. Kichline,* 468 Pa. 265, 361 A.2d 282 (1975) (Roberts, J., filed July 6, 1976).

Judgment of sentence affirmed.

HOFFMAN, J., files a dissenting opinion, in which SPAETH, J., joins.

HOFFMAN, Judge, dissenting:

Appellant contends that the lower court erred in refusing to charge the jury that a defendant's intoxication may negate the required intent to commit the crime charged. I agree, and would, therefore, reverse the judgment of sentence.

On November 7, 10, and 12, 1975, appellant was tried before a jury on charges of unlawful taking or disposition,[1] simple assault,[2] and resisting arrest.[3] Officers James Cattalo and Harry Marnie testified to the following facts. On August 16, 1975, the officers, both off-duty, were walking in the 2400 block of Wolf Street in Philadelphia. Officer Cattalo was wearing police uniform trousers and a short-sleeved blue shirt which was unbuttoned and hanging outside his pants. He was carrying his service revolver on his right hip, but he did not have his badge, nameplate, handcuffs, blackjack, night stick or extra ammunition. Officer Marnie was wearing civilian clothes.

As the men were walking towards the northwest corner of Wolf and Hemberger Streets, Officer Cattalo felt

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 3921.
2. The Crimes Code, supra; 18 Pa.C.S. § 2701.
3. The Crimes Code, supra; 18 Pa.C.S. § 5104.

several tugs on his service revolver. Officer Cattalo put his right hand over his gun and yelled: "He's got my gun." Officer Marnie then punched appellant twice in the head and knocked him down. Appellant started kicking and swinging his arms wildly. After informing appellant that he was under arrest, Officer Cattalo kicked appellant in the ribs, thereby ending appellant's resistance.

Officer Cattalo testified that the above events occurred within 15 feet of Moo's bar at the northwest corner of Hemberger and Wolf. When the prosecutor asked Officer Cattalo if he was able to tell if appellant had been drinking, Officer Cattalo responded: "He appeared to be drinking, but I couldn't be sure because it may have been from the blows that he received." Officer Cattalo testified that he was not close enough to appellant to smell liquor on his breath, but he observed that appellant was "gazy-eyed" and "starry-eyed" and that he "wobbled." On cross-examination, Officer Cattalo denied that he himself had been drinking in Moo's bar prior to the incident of August 16, 1975.

Officer Marnie testified that the above events occurred within 20 to 30 feet of Moo's bar. When the prosecution asked if Officer Marnie had noted whether appellant had been drinking, Officer Marnie responded that appellant "appeared to have [had] something to drink." He based this opinion on the fact that appellant staggered to the men's room at the police station. On cross-examination, Officer Marnie denied drinking at Moo's bar on the morning of the incident. He also denied that the incident occurred in Moo's bar and that the police officers forcibly removed appellant from the bar.

At the conclusion of the above testimony, the prosecution and the defense both rested. Appellant then offered the following points for charge:

"30. [Appellant] has claimed that he was intoxicated at the time of the incident.[4]

"31. Intoxication is not a defense in itself, but may be relevant to negate an element of the crimes charged. 18 Pa. § 308.

"32. All of the crimes [appellant is] charged with requires a criminal intent on his part.

"33. Therefore, if you find that [appellant] was so intoxicated that he could not form the intent to commit these crimes, you must find him not guilty."

The trial court refused to give these requested points for charge. Appellant was convicted only of resisting arrest. The lower court sentenced appellant to 18 months probation, conditioned upon appellant undergoing psychotherapy. This appeal followed.

Evidence of intoxication was relevant to negate an element of the offense of resisting arrest. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 308; *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975) [5]. In order to establish the guilt of one accused of resisting arrest, the Commonwealth must prove beyond a reasonable doubt that he possessed the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty.[6] However, "the Common-

4. Appellant admits that point for charge number 30 was properly denied. Appellant did not testify at trial.

5. The legislature has since amended 18 Pa.C.S. § 308. See Act of April 7, 1976, —— P.L. ——, no. 32; 18 Pa.C.S. § 308 *amending* 18 Pa.C.S. § 308 (1972). 18 Pa.C.S. § 308 now states: "Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder."

6. The Crimes Code, supra; 18 Pa.C.S. § 5104.

wealth's burden to prove beyond a reasonable doubt all elements of the crime does not require it to disprove a negative. Thus, to enable a defendant to seek to negate specific intent by reliance on the fact of his intoxication, there must be evidence in the case sufficient to place in issue that fact concerning defendant's mental condition. Such evidence may be adduced by the defendant as part of his case, or, conceivably, may be found in the Commonwealth's own case in chief or be elicited through cross-examination. Once a defendant has come forward with such evidence, or it is in the case otherwise, the Commonwealth, as we have indicated above, may introduce testimony to refute it, but is under no duty to do so." *Commonwealth v. Rose*, 457 Pa. 380, 389–90, 321 A.2d 880, 884 (1974). See also *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976); *Commonwealth v. Haywood*, 464 Pa. 226, 346 A.2d 298 (1975). If there is evidence in the record to bring the issue of a defendant's intoxication into the case, the trial court must instruct the jury that it may consider such evidence when determining whether the Commonwealth had proved beyond a reasonable doubt that he possessed the intent to commit the crime of which he is accused. *Commonwealth v. Kichline*, supra; *Commonwealth v. Haywood*, supra.

I believe that there was evidence in the case sufficient to place in issue appellant's intoxication. Both police officers testified that appellant appeared to have been drinking and they substantiated this opinion by pointing to particular characteristics and conduct of appellant. They asserted that appellant appeared "gazy-eyed" and "starry-eyed" and that he "wobbled" and "staggered". This evidence is sufficient to raise a reasonable doubt as to appellant's sobriety and possession of the requisite intent to resist arrest. See American Law Institute, *Model Penal Code*, § 1.12 (formerly § 1.13) (Proposed Official Draft, 1962). See also American Law Institute, *Model Penal Code*, Comment § 1.13 at pg. 108 (Tent. Draft No.

4, 1955).[7] Therefore, the lower court should have read the requested instructions to the jury.

In *Commonwealth v. Haywood,* supra, the prosecution introduced a pre-trial confession in which the defendant stated that he and four friends had consumed four half-gallons of wine shortly before robbing a gas station and killing the attendant. In the confession, the defendant did not indicate how much wine he drank himself or that he was intoxicated when he participated in the crimes. Nevertheless, the Supreme Court held that this confession placed the issue of defendant's intoxication at the time of the crimes before the jury, and that the lower court erred in not instructing the jury that it could consider such evidence in determining whether the Commonwealth had proved beyond a reasonable doubt defendant's

---

**7.** Section 1.12 of the Model Penal Code provides as follows:

"(1) No person may be convicted of an offense unless each element of such offense is proved beyond a reasonable doubt. In the absence of such proof, the innocence of the defendant is assumed.

"(2) Subsection (1) of this Section does not:

"(a) require the disproof of an affirmative defense unless and until there is evidence supporting such defense; . . . "

The Comment to section 1.13 of the Penal Code states, in pertinent part: "The draft does not attempt to state how strong the evidence must be to satisfy the test that 'there is evidence' supporting the defense. The Council of the Institute thought it the wiser course to leave this question to the courts. It may be noted, however, that Rule 1(2) of the A.L.I. Model Code of Evidence defines the 'burden of producing evidence of a fact' to call for 'sufficient evidence . . . to support a finding that the fact exists.' We have no doubt that such a standard is too onerous to be accepted for the present purpose. *It should suffice to put the prosecution to its proof beyond a reasonable doubt that the defendant shows enough to justify such doubt upon the issue.* We think that most courts would construe the section in this way." (Emphasis supplied) (at 110).

The lower court rejected appellant's proposed instructions because he could not point to "reasonably definitive" evidence of intoxication "fortified by factual observations." This approach contravenes the standard adopted by the American Law Institute in its Model Penal Code. The record need not contain enough evidence to support a finding that appellant was intoxicated; it need only contain enough evidence to justify a reasonable doubt as to appellant's intoxication.

intent to commit premeditated murder.[8]  In comparison to *Commonwealth v. Haywood,* supra, there is evidence in the instant case that appellant appeared and acted in an intoxicated manner at the time he allegedly resisted arrest.[9]  If a jury could reasonably doubt that a defendant possessed the mental capacity to commit murder because he consumed an unspecified amount of wine, it could reasonably doubt that appellant, who was "starry-eyed" and "gazy-eyed" and who "wobbled" and "staggered", possessed the requisite intent to resist arrest. Therefore, the lower court should have granted the requested points for charge.  Because the lower court failed to do so, I would reverse the judgment of sentence.

SPAETH, J., joins in this dissenting opinion.

8. In its opinion rejecting appellant's post-verdict motions, the lower court stated that, "[t]here was no evidence of the extent of the drinking and no evidence as to the effect such a quantity would have had on defendant's capacity to formulate the requisite intent. Vague testimonial references to drinking, with no specificity as to amount consumed, nor testimony that drinking caused intoxication, does not constitute evidence of intoxication." In light of the Supreme Court's holding in *Commonwealth v. Haywood,* supra, this is obviously an erroneous statement of the law.

9. In *Commonwealth v. Kichline,* supra, a defense witness testified that the defendant's breath smelled of alcohol about one hour before the commission of a murder.  However, the witness testified that the defendant's conduct at that time was not in any way adversely affected by the alcohol.  Defendant "didn't act out of line or nothing,   .   .   ."  Our Supreme Court held that the mere odor of alcohol upon one's breath is not sufficient to bring the issue of intoxication into the case.  In the case at bar, there is specific testimony that appellant's *conduct* and appearance at the time of the offense charged suggested that appellant was acting under the influence of alcohol.