## Commonwealth v. Gallagher

*Edgar B. Bayley*, for Commonwealth.
*Taylor P. Andrews*, for defendant.

DOWLING, *J., Specially Presiding*, April 12, 1978 — Defendant does not now question the sufficiency of the evidence[1] to sustain his conviction of theft by failure to make required disposition of funds received[2] and so the background can be sketched in with a broad brush.

It seems that Gallagher and one Santos were fellow inmates of the State Correctional Institution at Camp Hill; defendant serving nine months to three years for theft charges and Santos one to three years for possession of drugs. Dysmas and Gestas became Damian and Pythias with the result that defendant, whose term was expiring, arranged to hire a local Louis Nizer who, for $14,000, would represent Santos whose term was just beginning

---

1. A motion filed immediately after trial contained the standard quartet but was neither briefed nor argued and hence is considered abandoned. See Com. v. Peacock, 246 Pa. Superior Ct. 212, 369 A. 2d 886 (1977).

2. The Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §3927.

and secure for him an early pardon. Gallagher was released and the money paid but Santos still languishes at the State Correctional Institution at Camp Hill. Defendant acknowledges receiving the funds but asserts that it was for the purpose of bribing certain politicians who would intercede for Santos at the pardon board, rather than to obtain the services of an attorney.

Two issues are preserved by brief and argument; whether the court erred in instructing the jury that they could find defendant guilty even though the transaction involved was for an illegal purpose, and whether the court erred in failing to charge the jury that to find the defendant guilty, the Commonwealth must prove that the crime was committed as alleged in the information.

## DOES THE SECTION OF THE CRIMES CODE INVOLVED APPLY CRIMINAL SANCTIONS TO ILLEGAL AGREEMENTS?

Section 3927 defines theft by failure to make required disposition of funds received as: "(a) Offense defined.—A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition."

It should first be noted that on its face the section applies to all agreements, both legal and illegal. It would have been a simple matter for the legislature to limit its application to legal agreements by modifying the word "agreement" with the word "legal."

As we are admonished in construing statutes of the Commonwealth where the words are clear and free from all ambiguity, the letter is not to be disregarded under the pretext of pursuing its spirit.[3]

Defendant argues that the application of section 3927 to illegal agreements violates public policy. However, the legislature has already determined that the public policy of the Commonwealth is to punish those who commit theft by failing to perform according to the terms of all agreements. The public policy of the Commonwealth is also manifested by 18 C.P.S.A. §3901, in which "property of another" is defined to include property in which the actor is not privileged to infringe, regardless of the fact that the other person might be precluded from civil recovery because the property was used in an unlawful transaction.

The general rule is set forth in 21 Am. Jur. 2d §139: "The doctrine of particeps criminis has no place in the administration of criminal law; it is no defense that the victim of a crime may also be guilty of wrongdoing."

There are Pennsylvania appellate decisions in support: Com. v. Robzin, 78 Pa. Superior Ct. 290 (1922), involved a prosecution for feloniously entering a dwelling and stealing whiskey. It was held that the trial court properly instructed the jury that in passing upon the guilt or innocence of defendants, they need not concern themselves as to the lawfulness of the possession of the whiskey, stating that though the whiskey was secured in violation of federal laws "It furnished no justification to the defendants for feloniously entering his home and stealing it, and constitutes no defense to the crime

---

3. Pa.C.S.A. §1921(b).

charged." And in a later decision, Com. v. Gartman, 83 Pa. Superior Ct. 108 (1924), defendant converted money which he had agreed to use in an unlawful transaction and his conviction of fraudulent conversion was sustained.

Decisions in other states have come to the same conclusion. In State v. Mellenberger, 95 P. 2d 709 (Oregon 1939), defendant's conviction of obtaining money through false pretense was upheld where defendant cheated on an illegal punchboard, the court pointing out that the doctrine of particeps criminis is applicable only to civil litigation and is foreign to the criminal law. Miller v. State, 53 Wis. 2d 358, 192 N.W. 2d 921 (Wis. 1972), involved a conviction for armed robbery. There defendant proffered testimony that there was an agreement between the victim and a woman who accompanied him to commit an act of prostitution but it was held that such evidence was properly excluded. See also State v. Posey, 70 S.E. 612 (S.C. 1911); People v. Schenkel, 179 N.E. 474 (N.Y. 1932); Barr v. Charley, 387 S.W. 2d 614 (Tenn. 1964); Crawley v. State, 513 S.W. 2d 62 (Texas 1974); and 22 C.J.S. 189, §53.

It should also be noted that defendant cites no cases to support his position that an illegal contract is excluded from criminal sanctions.

## COULD THE JURY FIND DEFENDANT GUILTY ONLY IF THEY FOUND THE FACTS TO BE AS ALLEGED IN THE INFORMATION?

The information charges defendant with a violation of section 3927 of the Crimes Code, theft by failure to make required disposition, and then sets forth that the offense was committed by defendant obtaining, on various dates, a total of $14,500,

through an agreement with defendant and his wife to secure an attorney to represent Santos before the Pennsylvania Probation and Parole Board. It makes no reference to defendant's contention that the money was to be used for bribery. On this basis, Gallagher claims that he was convicted of a crime for which he was not charged in the indictment. This, of course, is incorrect. He was charged with theft by failure to make required disposition and was convicted of this offense. The fact that he himself may have supplied a different version of the manner in which the offense occurred can hardly be used as a basis for upsetting the jury verdict.

Defendant relies on Com. v. Bruce, 230 Pa. Superior Ct. 507, 326 A. 2d 628 (1974). There defendant was indicted for burglary, specifically entering a dwelling with the intent to commit a larceny. The evidence indicated that he went into his girlfriend's residence in the course of a domestic quarrel and that larceny was not involved, but he had, in fact, entered with the intent to kill her. The court noted that while both offenses, i.e., larceny and murder are felonies, each, of course, has a different element and required the proof of different facts. It also noted that the defenses to the crime of larceny are different from the defenses available to the crime of intent to commit murder. This is not true of the instant case for the elements of theft by failure to make required disposition are the same regardless of the purpose for which the funds may have been received. A reading of Bruce, supra, indicates that the court was concerned that defendant was prejudiced by the new elements brought forth for the first time in the courtroom which were materially different from those in the bill of indictment.

In the instant case, it was defendant who introduced evidence that the agreement was not as alleged in the information; the Commonwealth's proof was entirely consistent with the information. Under these circumstances, it is ludicrous to suggest that the variance misled or surprised defendant and precluded him from anticipating the prosecution's proof. Speaking more to the point is Com. v. Pope, 455 Pa. 384, 317 A. 2d 887 (1974). There the indictment charged defendant with unlawfully carrying a firearm, to wit, a rifle, without a license. The evidence showed that defendant was openly carrying a rifle with a 22 inch barrel on the public streets of Philadelphia. The definition of a firearm in the act involved was a rifle with a barrel less than 15 inches. On this basis, defendant claimed there was a fatal variance between the indictment (firearm, i.e., barrel less than 15 inches) and the proof (rifle barrel 22 inches). After noting that at an earlier stage of legal developments, indictments were strictly and technically construed and that the slightest imprecision was often considered incurable error, the court stated more decisions are to the effect that indictments must be read in a common sense manner and are not to be construed in an overly technical sense. They dismissed defendant's argument, stating in language most pertinent to the instant matter: "It is well settled that a purported variance will not be deemed fatal unless it could mislead the defendant at trial, involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, precludes the defendant from anticipating the prosecution's proof, or impairs a substantial right."

In the same vein is Com. v. Brandrup, 244 Pa. Superior Ct. 144, 366 A. 2d 1233 (1976), where the

court cited with approval Com. v. Pope, supra, to the effect that appellant was not misled or surprised in preparing his defense. In Brandoff, supra, defendant had been cited for possessing a firearm in a vehicle but the proof at trial showed that he possessed it at an automobile repair shop. The court held that since it was not necessary for the indictment to allege the exact manner of possession, the variance was, at most, innocuous. Similarly, in the instant case, the information need not have alleged the nature of the agreement pursuant to which defendant obtained Santos' money; it need only have alleged that there was an agreement. No prejudice could possibly result since defendant himself introduced the variance.

Gallagher was legally apprised of his act of legerdemain in extracting money from Santos which, through the jury's imprimatur, has now become a punishable offense.

Accordingly, we enter the following

### ORDER

And now, April 12, 1978, defendant's motion for a new trial and motion in arrest of judgment are denied and the district attorney is directed to present him for sentencing.