Exceptions are granted the Commonwealth.

## Commonwealth v. Jack

*Paul Millin,* for Commonwealth.
*Joseph Barnhart,* for defendant.

WOLFE, *P.J.*, November 3, 1980—Defendant was found guilty by a jury trial of theft by unlawful taking and violation of the boat laws of the Commonwealth of Pennsylvania and has filed timely post-trial motions for a new trial and in arrest of judgment.

At the time of argument defendant withdrew Paragraphs 5 and 6 of the motion and addressed the issue of the sufficiency of the evidence to convict him because of lack of "intent" to deprive the owner of his property. A threshold issue was raised that the court committed error in that it did not charge the jury on the question of culpability pursuant to the Crimes Code, 18 Pa.C.S.A. §312.

Defendant insists we erred because we failed to charge the jury that they could find the charges against defendant were "de minimis infractions." A reading of that section should make it apparent the rule is not an issue of fact but rather a question of law for the court and not the jury to resolve. Indeed, the code is painfully clear in stating: "The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense in the nature of the attendant circumstances, it finds that the conduct of the defendant. . . ."

Neither directly nor by inference does the rule permit the factfinders to make this determination.

Turning to the sufficiency of the evidence based upon the lack of intent of defendant to permanently deprive the owner of his property, we also cannot accept this reason. Defendant argues because of his gross intoxication, which was not disputed by the Commonwealth, he lacked the necessary mental processes to formulate an intent to steal the victim's two canoes.

Defendant's counsel advanced this defense to the jury and the court charged the jury thereon.

It is well-established evidence of intoxication is material to the issue of defendant's capacity to possess the specific intent necessary to commit a crime and this is an issue of fact for the jury to resolve: Com. v. Hayward, 464 Pa. 226, 346 A. 2d 298 (1975). It is a question left to the decision of the jurors to resolve this issue of fact: Com. v. Padgett, 465 Pa. 1, 348 A. 2d 87 (1975). Here, this issue was squarely before the jury and it was resolved against defendant.

Finally, defendant argues the same defense of intoxication and lack of specific intent for violation of the Boat Law of May 28, 1931, P.L. 202, 55 P.S. §491.

In our opinion the jury could have reasonably concluded defendant possessed the intent to permanently deprive the owner of the two canoes. In this respect it was not disputed the canoes were chained and locked to a tree along the river bank and defendant was involved for considerable period of time in removing the canoes from their security. His actions were observed by a witness across the river who hollered at him and defendant paying no attention continued to take both canoes into the river. Defendant's companion admonished him not

to take the canoes and when the police were summoned they in turn made various efforts to bring defendant to shore by making loud calls to him which he ignored until he finally paddled over to the arresting officer. Defendant stated that it was his intent to leave the canoes someplace along the river.

We can accept defendant's argument that this was a drunken episode; however, we do not invade the province of the jury in their decision defendant did intend to deprive the owner of his canoes. This is not an issue of defendant having the intent to keep the canoes for himself; rather it is an issue if he intended to dispose of the canoes in such a manner in all likelihood the owner would be permanently deprived of his property. Clearly, to leave canoes along a river bank unannounced to the owner reasonable men can conclude there was a reasonable intent to deprive the owner thereof.

For these reasons we enter the following

## ORDER

And now, November 3, 1980, the post-trial motions of defendant are denied and defendant is ordered to appear before the court for imposition of sentence when summoned by the district attorney.