334 A.2d 285

COMMONWEALTH of Pennsylvania

v.

Richard MITCHELL, Appellant.

Supreme Court of Pennsylvania.

Argued Nov. 11, 1974.

Decided March 18, 1975.

666

Rudolph S. Pallastrone, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Judith Dean, Asst. Dist. Atty., Mark Sendrow, Asst. Dist. Atty., Asst. Chief Appeals Div., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Richard Mitchell, was convicted by a jury of voluntary manslaughter and aggravated assault and battery. Post-verdict motions were denied and the appellant was sentenced to four and one-half to ten years imprisonment for voluntary manslaughter and to a con-

current one to two year sentence for the aggravated assault and battery. This appeal followed.

■ Appellant first contends that his pretrial application to suppress a signed formal statement should have been granted because the prosecution, at the suppression hearing, failed to sustain its burden of establishing by a preponderance of the evidence that the statement was voluntary. The appellant correctly states the prosecution's burden. *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 239 A.2d 426 (1968). We do not agree, however, that the prosecution's evidence failed to meet that burden.

■ Appellant's contention is based on the fact that the police officer who took appellant's final statement died before the suppression hearing and was thus not available to give testimony about the circumstances surrounding the taking of the formal statement. Without the deceased officer's testimony, argues the appellant, the prosecution could not prove the voluntariness of the statement since only the deceased officer and the appellant were present when the statement was made and signed. Appellant, however, is not correct in stating that only the deceased policeman's testimony could prove the voluntariness of appellant's formal statement. Such testimony would have been direct testimony of voluntariness but circumstantial evidence can also be used to sustain one's burden. We have examined the circumstantial evidence and conclude that the prosecution met its burden.

The appellant presented no evidence at the suppression hearing. The prosecution's evidence at the suppression hearing established the following facts. The appellant called the police late in the evening on May 22, 1971, and said that he thought he had committed a crime. When the police arrived at the address reported, the appellant told them that he was sure he had hurt a couple of his

friends during an argument earlier in the evening. He added that he was sure he had killed one of them. The appellant then took the police to an apartment at another address where the police found one man dead and another, seriously injured. The appellant was then handcuffed and taken to the police station. At the station, a police officer took appellant to an interview room and removed the handcuffs. Appellant was searched and said "no" when asked if he was injured or wanted anything to eat. The appellant, after being informed of his constitutional rights, wrote answers to written questions indicating that he waived those rights and signed his name at the end of the waiver form. He then gave an oral statement during which a police officer, who was taking notes, asked appellant several times to slow down. The police officer who took the oral statement testified at the suppression hearing about the taking of the oral statement. He said the appellant was not under the influence of any drugs and was not drunk. He further testified that no promises or threats were made to the appellant who volunteered to tell what happened. The taking of appellant's oral statement took about twenty minutes. After the completion of the oral statement, which the officer had reduced to writing, the officer left the interview room. He did not ask the appellant to sign the writing. About fifteen minutes later, another police officer who had been investigating at the scene, returned and was told about appellant's statement. This second officer then took a formal statement from the appellant which the appellant signed. A handwriting expert testified that the signature on the formal statement which included a second waiver of constitutional rights, was written by the same person who signed the first waiver form. The first police officer testified that the first waiver form was signed by the appellant.

Although no one was in the interview room when the formal statement was taken except the appellant,

who did not testify at the suppression hearing, and the police officer who died before the suppression hearing, we conclude that from all of the circumstances preceding the taking of the formal statement, it can be inferred that the formal statement was voluntarily made. All of those events indicate a cooperating appellant who was anxious to tell his story and did tell his story to one police officer a short time before the beginning of the formal statement to the deceased police officer. The two statements were substantially the same. On the other hand there is no evidence indicating that the formal statement was involuntary. The chain of events leading up to the formal statement constitute persuasive circumstantial evidence from which the voluntariness of the formal statement can be inferred. The prosecution met its burden of proving by a preponderance of the evidence that the appellant's formal statement was voluntary. *Commonwealth ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A.2d 426 (1968). The trial court did not err in denying appellant's application to suppress the formal statement.

The appellant next contends that the trial court should have sustained the appellant's demurrer to the evidence at the conclusion of the prosecution's case. Although appellant does not dispute that the evidence was sufficient to establish that the victim died as a result of being stabbed and beaten with an iron pipe by the appellant, he argues that this evidence, as a matter of law, also established that the appellant acted in self-defense. We cannot agree. The prosecution's evidence consisted of the appellant's statements to the police and the testimony of the injured roommate of the victim. From the appellant's statements, it was established that he was visiting the apartment in which the victim and his injured roommate lived when the victim raised a pipe to swing at the appellant after the appellant refused the victim's request that the appellant perform an act of sodomy. The appellant grabbed a knife from on top of a television in the

bedroom. The appellant's statement continued as follows:

" . . . and I stuck with all my might, the pipe dropped to the floor, then the other man jumped out of the bed, I had picked up the pipe and I hit him about three times, and he backed up and started shaking. The man I stabbed was standing in the doorway holding his guts I told him to move, and he didn't move, and I kept beating him with the pipe until he move[d] and went into the kitchen and sat down. [T]hen I told the other guy to come in the kitchen where I could see him, he came in the kitchen and I layed [sic] the pipe and the knife on the kitchen table and told he [sic] that I was going to call the Police. I left and went to my mother's house . . ."

The victim's injured roommate testified that he was asleep in the bedroom and did not witness the initial events, but that when he was awakened by a commotion, appellant demanded that he commit an act of sodomy upon appellant. Appellant then began beating the victim's roommate.

The prosecution's evidence did not as a matter of law establish self-defense. The jury was free to accept or reject all or part of the appellant's statement. *Commonwealth v. Ewing*, 439 Pa. 88, 264 A.2d 661 (1970). In view of the injured roommate's testimony that the appellant solicited sodomy, the jury may have accepted appellant's admission of the stabbing and beating but rejected his explanation of what precipitated his actions. Although the injured roommate did not witness the initial events, his testimony provided a basis from which the jury could have reasonably inferred that only a part of the appellant's statement was credible. We conclude that the trial court properly denied the appellant's demurrer to the evidence. A demurrer is properly granted only if the prosecution's evidence, including those reasonable inferences which may be drawn from it,

is insufficient to support a jury's finding that the defendant was guilty beyond a reasonable doubt. *Commonwealth v. Henderson,* 451 Pa. 452, 304 A.2d 154 (1973); *Commonwealth v. Carroll,* 443 Pa. 518, 278 A.2d 898 (1971). Such was not the case here.

Appellant's last claim is that the trial court erred in denying a requested jury instruction concerning his claim that he acted to prevent the commission of the felony of sodomy. The requested instruction was as follows:

"If you find the defendant killed the decedent in an effort to prevent the felony of sodomy being committed by force or surprise, you must find the defendant not guilty as to the indictment charging murder."

In *Commonwealth v. Lawrence,* 428 Pa. 188, 192, 236 A. 2d 768, 771 (1968), we said:

"One is legally excused from taking another's life if it is necessary to do so in order to prevent a felony such as sodomy attempted by force or surprise. *See Commonwealth v. Emmons,* 157 Pa.Super. 495, 43 A.2d 568 (1945); 40 C.J.S. Homicide § 101 (1944). One is also legally excused if he takes another's life where it is necessary to do so in order to protect his own life or to save himself from great bodily harm or under circumstances reasonably giving rise to fear of death or great bodily harm." *Id.* at 192, 236 A.2d at 771.

Although the requested instruction does not state the law exactly as propounded by *Commonwealth v. Lawrence,* the request should have alerted the trial court of its failure to give proper instructions about the claimed attempted sodomy, *Commonwealth v. Sisak,* 436 Pa. 262, 259 A.2d 428 (1969). In *Sisak,* we said:

" . . . a party whose requested point, although erroneous, alerts the trial Judge to an important issue in the case, does have just cause for complaint if the law to which that point pertains is not otherwise correctly

stated in the charge." *Id.* at 270, footnote 5, 259 A.2d at 432.

 In his statement appellant said that the victim raised a pipe to swing at him after he had refused the victim's request that he perform an act of sodomy. The trial court's charge covered the law of self-defense but did not instruct as to appellant's claimed defense that his conduct was excusable because necessary to prevent the felony of sodomy from being committed upon him. Since the jury was free to accept appellant's version of the event, he was entitled to have the jury instructed as to this issue.

Judgment reversed and a new trial awarded.

JONES, C. J., and O'BRIEN, ROBERTS, and NIX, JJ., concurred in the result.