378 A.2d 807

**COMMONWEALTH of Pennsylvania**

v.

**Willard MASON, Appellant.**

Supreme Court of Pennsylvania.

Argued March 29, 1977.

Decided Oct. 7, 1977.

Daniel-Paul Alva, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Deborah E. Glass, Asst. Dist. Atty., James Shellenberger, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Willard Mason, was tried and convicted on June 27, 1974, in a jury trial, of voluntary manslaughter, unlawfully carrying a weapon without a license, and carrying firearms on public streets or public property in Philadelphia. Post-verdict motions were denied on January 21, 1975. For the voluntary manslaughter conviction, appellant was sentenced to imprisonment for not less than two nor more than twelve years. This appeal, involving only the voluntary manslaughter conviction, followed.

Appellant contends that the trial court erred in failing to properly instruct the jury concerning the elements of voluntary manslaughter. We agree and therefore reverse the judgment of sentence and award a new trial.

During the charge to the jury, the trial court gave instructions concerning murder in the first degree, murder in the second degree, and voluntary manslaughter. In describing the elements of voluntary manslaughter, however, the court made no mention of intent. It charged that the difference between murder and voluntary manslaughter is that the latter requires no malice. At this point, appellant's counsel did not object to the charge and the jury began its deliberations.

After deliberating for three hours, the jury sent the following note to the court:

"Your Honor, can you please describe what the terms: Murder, first degree, second degree, voluntary manslaugh-

ter. [Sic] We are having trouble understanding the terms in reference to malice, premeditation and willfulness. Thank you. Jury"

The jury was brought back into the courtroom and the judge again gave instructions concerning the elements of murder in the first degree, second degree, and voluntary manslaughter. Again, the court did not instruct the jury that intent is a necessary element of voluntary manslaughter. This time, before the jury returned to deliberate, defense counsel asked the court to charge the jury that "voluntary manslaughter contemplates a voluntary act of killing by the defendant where the defendant, in fact, intends to kill, . . ." The judge rejected the requested charge and the jury subsequently found appellant guilty of voluntary manslaughter.

The trial court's refusal to charge the jury concerning the element of intent necessary to convict of voluntary manslaughter was error. The term "voluntary manslaughter" contemplates an *intentional* or *voluntary* act on the part of the defendant. In *Commonwealth v. Moore*, 398 Pa. 198, 202 n. 2, 157 A.2d 65, 68 n. 2 (1959), the Court stated "that where there is a nonmalicious felonious killing with a *specific intent* either to kill or to seriously injure, it is voluntary manslaughter." (Emphasis added.) In *Commonwealth v. Campbell*, 451 Pa. 465, 468, 304 A.2d 121, 122 (1973), the court *again* speaking of voluntary manslaughter stated "that it is an *intentional killing* which is perpetrated while under the influence of overriding passion, . . ." (Emphasis added.) In *Commonwealth v. Butcher*, 451 Pa. 359, 364, 304 A.2d 150, 153 (1973), this Court indicated that a necessary element of both murder in the first degree and voluntary manslaughter is the *specific intent to kill.*

We hold, therefore, that a jury instruction on voluntary manslaughter couched only in terms of lack of malice and of an overriding passion is inadequate without an accompanying explanation of intent.

In the present case, appellant shot the victim in the neck while the victim was sitting at a bar. The prosecution's evidence indicated that appellant and the victim had

been "sparring" a short while earlier, and that appellant told the victim just prior to shooting him that he was not joking. Appellant, however, testified that the "sparring" had been a friendly game that they played, comparing how their sons would box, and what boxer they would imitate. He further testified that he obtained the gun from another person in the bar, now deceased, and was under the impression that it was a blank pistol. Appellant also stated that he never intended to shoot the victim, and that the gun went off accidentally when he was bumped from behind. Under these circumstances, an instruction to the jury concerning the element of intent necessary to the crime of voluntary manslaughter could have affected the jury's deliberations and verdict.

The prosecution does not contend that the charge informed the jury that the element of *intent* is necessary for a voluntary manslaughter conviction, and a reading of the charge in its entirety reveals that the jury was not so informed. The prosecution, however, argues that the trial judge properly refused the appellant's requested charge concerning *intent* because the requested charge was not an accurate statement of the law. According to the prosecution, the trial judge was asked to charge that an "intent to kill" was necessary, whereas either an "intent to kill" or an "intent to inflict serious bodily injury" would suffice to convict one of voluntary manslaughter. *See Commonwealth v. Moore*, 398 Pa. 198, 157 A.2d 65, 68 (1960). Appellant's request however, was sufficient to alert the trial judge that the element of intent was not covered in the instructions to the jury. As we said in *Commonwealth v. Mitchell*, 460 Pa. 665, 672–673, 334 A.2d 285, 289 (1975):

". . . a party whose requested point, although erroneous, alerts the trial judge to an important issue in the case, does have just cause for complaint if the law to which that point pertains is not otherwise correctly stated in the charge." (quoting from *Commonwealth v. Sisak*, 436 Pa. 262, 269–270 n. 5 259 A.2d 428, 432 n. 5 (1969).)

There is no need to consider other issues raised by the appellant.

Judgment of sentence is reversed and a new trial is granted.

JONES, former C. J., did not participate in the decision of this case.

ROBERTS, J., filed a concurring opinion.

NIX, J., concurred in the result.

ROBERTS, Justice, concurring.

Although voluntary manslaughter is usually committed with an intent to kill, it is at least theoretically possible that it may be committed with an intent to do serious bodily injury or if the defendant has been extremely reckless. W. LaFave & A. Scott, Criminal Law § 76 (1972). As with intentional killings, killings committed with an intent to do serious bodily injury or with that degree of recklessness which would otherwise constitute a "depraved heart" killing may be reduced from murder to voluntary manslaughter by the presence of mitigating circumstances. Id. It is clear, however, appellant's requested charge that voluntary manslaughter requires an intent to kill was sufficient to alert the court to the failure of the general charge to alert the jury that in order to constitute voluntary manslaughter a killing must be committed with a state of mind which, absent mitigating circumstances, would constitute malice. Therefore, I join the majority.