461 A.2d 302

**COMMONWEALTH of Pennsylvania**

**v.**

**George J. GARNER, Sr., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 26, 1983.

Filed June 3, 1983.

Petition for Allowance of Appeal Denied Sept. 22, 1983.

C. William Costopolous, Lemoyne, for appellant.

Sheryl Ann Dorney, Assistant District Attorney, York, for Commonwealth, appellee.

Before WICKERSHAM, CIRILLO and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of York County, Criminal Division, by the defendant-appellant, George J. Garner, Sr., after conviction by a jury of attempted voluntary manslaughter and violation of the Uniform Firearms Act. Post-trial motions were argued and denied. This appeal followed.

On the morning of April 7, 1980 at about 6:00 a.m., the defendant went to the Turkey Hill Market locate at 2704 S. Queen St., York, PA where his wife, Catherine, was employed. An argument ensued and the defendant shot her several times.

The questions raised on this appeal are: (1) whether the crime of attempted voluntary manslaughter exists under Pennsylvania law; (2) whether the arrest of the defendant by the arresting officer was outside the limits of the officer's jurisdiction; and (3) defendant's claim of prosecutorial misconduct.

Section 901(a) *18 Pa.C.S.A.* defines criminal attempt as follows:

"A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime."

The crime of voluntary manslaughter is defined in *18 Pa.C.S.A. 2503(a)(1)* as follows:

"A person who kills an individual without lawful justification commits Voluntary Manslaughter if, at the time of the killing, he is acting under a sudden and intense passion resulting from serious provocation by the individual killed."

In the case of *Commonwealth v. Mason*, 474 Pa. 308, 378 A.2d 807 (1977), the Supreme Court held:

"The trial court's refusal to charge the jury concerning the element of intent necessary to convict of Voluntary Manslaughter was error. The term 'Voluntary Manslaughter' contemplates an intentional or voluntary act on the part of the defendant."

■ Voluntary manslaughter has been defined as a "non-malicious, felonious killing with specific intent either to kill or to seriously injure." *Commonwealth v. Moore*, 398 Pa. 198, 202 n. 2, 157 A.2d 65, 68 n. 2 (1959).

As the court below stated:

"Defendant complains that the crime of which he stands convicted, attempted voluntary manslaughter, does not exist. We disagree. Voluntary manslaughter is an intentional killing, but without the malice required to raise the degree of culpability to that of murder. Dr. Gent testified that in his opinion the Defendant acted out of the heat of passion, anger, hostility or resentment. The jury apparently accepted that opinion, and found that the Defendant did in fact attempt to kill his wife while acting under the influence of those emotions, and with the intention of killing her. We are satisfied that the evidence and the law supports this finding."

■ The question raised on appeal that the arrest was unlawful in that it was outside the limits of jurisdiction of the township arresting officer is without merit. The question was not preserved for appeal. No pre-trial motion was made concerning it and when raised at trial by motion of counsel for the defendant to strike the testimony of the arresting officer and in the alternative grant a mistrial, the court denied the motion and no exception was taken. The court acted correctly in refusing the untimely motion.

■ Furthermore, there is nothing in this record to show that the township police ever interrupted their search for the defendant from the time they learned of the shooting until the arrest even if six hours had passed. The offense was committed within the arresting officer's jurisdiction. Any police officer of any political subdivision may arrest any person beyond the territorial limits of such political subdivision for a summary or other offense committed by such person within such political subdivision if the officer continues in pursuit of such person after commission of the

offense. *42 Pa.C.S.A. 8901.* The crucial words of the statute "continuous pursuit" were present in this case. It is also important to note that the township police were accompanied and assisted by members of the Pennsylvania State Police. During the entire time of the search the township police were in touch by radio so the search was continuous.[1]

■ The claim of prosecutorial misconduct is without merit. As the court below stated:

"8. Defendant alleges reversible error in the Court's refusal to grant a mistrial during the Commonwealth's summation. During summation, the District Attorney referred to the Defendant in the following terms 'today is the first time that he admitted that he did it'. Defense counsel immediately objected, claiming prosecutorial misconduct in commenting upon the Defendant's exercise of his Fifth Amendment rights. We do not see it in that light. It is true that the Defendant had not given the police any incriminating statement prior to trial, instead having denied committing the offense. At trial, however, the Defendant took the stand and admitted shooting his wife, although his testimony included elements of justification and of diminished capacity. The circumstances are not akin to a comment upon a Defendant's election not to testify. In addition, the Court immediately gave cautionary instructions to the jury so as to cure any potential prejudice to the Defendant. We are satisfied that the Defendant was not, in fact, prejudiced by the prosecutor's remark, and we find no merit in Defendant's assignment of error in that regard."

Judgment of sentence affirmed.

CIRILLO, J., concurs in the result.

1. We note that in August of 1982 the Legislature granted what amounts to state-wide jurisdiction to local police. See *42 Pa.C.S.A. 8953.*