**[J-36-2025]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 54 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 1062 EDA |
| | : | 2022, entered on December 5, |
| v. | : | 2023, Affirming the Judgment of |
| | : | Sentence of the Delaware County |
| | : | Court of Common Pleas, Criminal |
| GEORGE ANDERSON, | : | Division, at No. CP-23-CR-1662- |
| | : | 2020, entered on February 28, 2023 |
| Appellant | : | |
| | : | ARGUED: May 13, 2025 |

**OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED: July 23, 2025**

We granted review to resolve a narrow issue: whether the Commonwealth carries its initial burden of production to establish a driver lacked a reasonable expectation of privacy in his car by solely presenting evidence the car was registered to someone else. The Superior Court held the registration evidence was alone sufficient to shift the burden of proving a reasonable expectation of privacy to the defendant. For the reasons that follow, we disagree and now reverse.

On May 7, 2020, Officer Jeffrey Walls, of the Chester City Police Department, observed a silver Jeep abruptly stop at a green light and then turn left without signaling. Officer Walls also observed a cracked windshield and an expired inspection sticker, and he was unable to read the license plate due to a plastic cover. Due to these violations of

the Vehicle Code,[1] Officer Walls initiated a traffic stop. After the Jeep stopped, Officer Walls ran the license plate through the police database and determined the vehicle was registered to a person named Marchell Scott.[2] The vehicle's registration was expired; however, the vehicle had not been reported stolen. Officer Walls also observed the driver of the vehicle moving around and dropping down towards the center console as if he was attempting to retrieve an item.

When he finally exited his police cruiser and made contact with the driver, Officer Walls identified the driver as appellant George Anderson and learned his license was suspended due to a conviction for driving under the influence (DUI). Upon smelling a strong odor of marijuana, Officer Walls asked appellant if there was anything illegal in the vehicle, to which appellant replied he did not have anything except for his hand sanitizer in the center console. Officer Walls again observed appellant reaching around the vehicle nervously and asked him to step out of the vehicle. Thereafter, Officer Walls conducted protective searches of both appellant and the immediate area where he was seated in the vehicle; Officer Walls recovered a firearm from the center console. At this time, backup officers arrived and checked the passenger side of the vehicle, where three bags of marijuana were in plain view upon opening the door. After reading appellant his *Miranda*[3] warnings, Officer Walls asked appellant if the gun belonged to him. Appellant replied, "I was the only person in the car, so it has to be mine[.]" N.T. Suppression Hearing, 2/24/21, at 34. Due to appellant's suspended license and the vehicle's expired registration, Officer

---

[1] 75 Pa.C.S. §§101-9805.

[2] Testimony was presented at trial that Scott is appellant's aunt. *See* N.T. Trial, 12/7/21, at 31-32. However, we do not consider this evidence because "[o]ur scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial." *Commonwealth v. Yandamuri*, 159 A.3d 503, 516 (Pa. 2017).

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Walls performed an inventory search and had the vehicle towed; the inventory search did not yield any other contraband.

As a result of the vehicle stop, appellant was arrested and charged with possession of a firearm prohibited, carrying a firearm without a license, possession of a firearm with an altered manufacturer number, possession of a controlled substance, possession of marijuana, and possession of drug paraphernalia,[4] as well as several violations of the Vehicle Code. Prior to trial, appellant filed a motion to suppress the contraband found in the vehicle and his statement to Officer Walls regarding the firearm. The trial court held a hearing on the motion at which Officer Walls testified to the above facts. The Commonwealth argued, *inter alia*, that suppression should be denied because appellant failed to carry his burden to establish he had a reasonable expectation of privacy in the car:

> Now, I want to talk about reasonable expectation of privacy because I think . . . there was sufficient testimony today about that. If you find that there wasn't a reasonable expectation of privacy in this case, we don't need to go any further. Now, there's a difference between standing and reasonable expectation of privacy. The case is *Commonwealth v. Enimpah*[5]. . . . So, the officer testified in this case that . . . this car was not registered to [appellant]. This case states that they discuss the difference between standing and reasonable expectation of privacy. There's automatic standing in all cases for possessory offenses, so we're not arguing that. We're just arguing that they didn't prove that he had a reasonable expectation of privacy. The Commonwealth bears the initial burden of production to show this, but then . . . the [d]efendant has the burden of persuasion to show that he, in fact, had the reasonable expectation of privacy. We showed our initial burden. We discuss that . . . the car's not registered to [appellant], it's registered to another person, therefore . . . the burden shifts to a burden of persuasion. And I would argue to you that that has not been made out in this case.

---

[4] 18 Pa.C.S. §§6105, 6106, 6110.2, and 35 P.S. §§780-113(a)(16), (a)(31), (a)(32), respectively.

[5] *Commonwealth v. Enimpah*, 106 A.3d 695 (Pa. 2014). We discuss this case in greater detail *infra*.

N.T. Suppression Hearing, 2/24/21, at 63-65. The trial court responded: "I understand and agree with your argument on a reasonable expectation of privacy and also standing." *Id.* at 65. Ultimately, however, the court took the matter under advisement.

Subsequently, the trial court denied appellant's suppression motion and the case proceeded to trial. Following a bifurcated trial, a jury convicted appellant of carrying a firearm without a license.[6] The court sentenced appellant to 42 to 84 months' incarceration and he appealed.

Relevant to the present appeal,[7] the trial court did not address appellant's reasonable expectation of privacy in its Pa.R.A.P. 1925(a) opinion. Instead, it held

> [t]he vehicle stop was lawful as there was probable cause as to the Motor Vehicle [Code v]iolations. The traffic stop lawfully evolved into an investigative detention. A lawful pat-down for officer safety occurred, as well as a lawful protective sweep of the defendant's reachable area within the vehicle. Defendant's statement, while in custody, was knowingly and voluntarily made, following verbal *Miranda* warnings, which [d]efendant verbally confirmed he understood, despite the absence of any writing waiving his rights. As a result, the [d]efendant's [s]uppression [m]otion was properly denied.

Trial Court Op., 11/14/22, at 4.

A three-judge panel of the Superior Court unanimously affirmed. *See Commonwealth v. Anderson*, 1062 EDA 2022, 2023 WL 8433926 (Pa. Super., Dec. 5, 2023) (unpublished memorandum). Relying on that court's previous decisions in *Commonwealth v. Maldonado*, 14 A.3d 907 (Pa. Super. 2011), and *Commonwealth v.*

---

[6] The jury acquitted appellant of possession of a firearm prohibited and possession of a firearm with an altered manufacturer number. The other charges were withdrawn prior to trial.

[7] Appellant also challenged the jury instructions given by the trial court for carrying a firearm without a license and the legality of his sentence. Because appellant abandoned these claims on appeal to this Court, and we did not grant review to consider them, we do not discuss them further.

*Brown*, 64 A.3d 1101 (Pa. Super. 2013), the panel held appellant failed to establish a reasonable expectation of privacy in the vehicle. Specifically, the panel reasoned:

> Instantly, police pulled [a]ppellant over while he was driving a car that was not registered to him. Although the record demonstrated that the car was registered to [a]ppellant's aunt, and that [a]ppellant had driven the car in the past, [a]ppellant presented no evidence that he had permission to drive the car on the day of his arrest. Under these circumstances, [a]ppellant did not demonstrate that he had the authority to operate the vehicle. Thus, we conclude that [a]ppellant failed to establish a reasonable expectation of privacy in the vehicle he was driving.

*Id*. at *5.

> We accepted review to consider the following question, as phrased by appellant:

> Whether a defendant's burden to establish a reasonable expectation of privacy at a suppression hearing requires that defendant to affirmatively present evidence of permission to use the vehicle where the defendant is not the registered owner of [the] vehicle but the Commonwealth's evidence does not otherwise negate an expectation of privacy?

*Commonwealth v. Anderson*, 322 A.3d 1288 (Pa. 2024) (*per curiam*).[8] As this Court has stated in the past, our standard of review over an order denying suppression is as follows:

> Where the record supports the suppression court's factual findings, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. However, as here, where the appeal turns on allegations of legal error, the suppression court's conclusions of law are not binding as it is this Court's duty to determine if the suppression court

---

[8] In granting review of this question, we declined to grant review of a second question raised by appellant: "Whether the Pennsylvania Constitution and *Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020), support an additional requirement to show a reasonable expectation of privacy in order to challenge police conduct at a suppression hearing?" Petition for Allowance of Appeal, 659 MAL 2023, at 4. Appellant and *amici* Defender Association of Philadelphia (Defenders) and the Pennsylvania Association of Criminal Defense Lawyers (PACDL) provide arguments on this question in their briefs, *see* Appellant's Brief at 28-33; Defenders and PACDL *Amici* Brief at 5-28. The Commonwealth also addresses this issue. *See* Commonwealth's Brief at 25-27. However, as we expressly declined to grant *allocatur* as to this issue, we do not discuss it further. *See, e.g., Menkowitz v. Peerless Publ'ns, Inc.*, 211 A.3d 797, 809 n.12 (Pa. 2019) ("This Court did not grant allocatur to consider these issues, . . . and thus they are beyond the scope of our present review.").

properly applied the law to the facts. As such, the legal conclusions of the lower courts are subject to our plenary review.

*In Interest of A.A.*, 195 A.3d 896, 901 (Pa. 2018) (internal citations, quotations, and ellipses omitted), *overruled in part on other grounds by Commonwealth v. Barr*, 266 A.3d 25 (Pa. 2021). "Our scope of review is limited to the record of the suppression hearing." *Commonwealth v. Saunders*, 326 A.3d 888, 895 (Pa. 2024). "Additionally, we may consider only the Commonwealth's evidence and so much of the defense's evidence as remains uncontradicted when read in the context of the record as a whole." *Id.* (internal citations and quotations omitted).

Appellant argues "[t]he mere **possibility** of wrongful possession, without more, does not suffice to negate the application of constitutional privacy protections." Appellant's Brief at 15 (emphasis in original). In doing so, appellant relies heavily on *Byrd v. United States*, 584 U.S. 395 (2018), which held "as a general rule, someone in otherwise lawful possession and control of a rental car has a reasonable expectation of privacy in it even if the rental agreement does not list him or her as an authorized driver." 584 U.S. at 398-99. In appellant's view, "[i]t logically follows that where ownership of a vehicle is not a requisite to establishing a reasonable expectation of privacy, evidence that the driver of a vehicle is not the registered owner does not, in and of itself, serve to negate that driver's reasonable expectation of privacy." Appellant's Brief at 13.

Appellant insists a sole driver of a vehicle who is not named on the registration of a private car certainly must have the same protected privacy rights under the Fourth Amendment as a sole driver of a rental car who is not named on the rental agreement. And, according to appellant, "[t]hose protected privacy rights are even more apparent when analyzed under the broader protections of Article I, Section 8 of the Pennsylvania Constitution[,]" which "embodies a paramount constitutional right to privacy" and "extends to one's right to privacy while in a vehicle." *Id*. at 17 (internal citations and quotations

omitted).   Appellant believes the Superior Court correctly addressed a similar issue in *Commonwealth v. Newman*, 84 A.3d 1072 (Pa. Super. 2014), when it stated, "this [c]ourt has never ruled that the act of driving or operating the stopped vehicle, alone, cannot establish a legitimate privacy interest in the driven vehicle where no evidence to the contrary exists."   *Id.* at 18, *quoting Newman*, 84 A.3d at 1078 (emphasis omitted). Appellant argues no evidence to the contrary exists here.   In his view, the fact the Commonwealth presented evidence that his name was not on the vehicle's registration did not negate his reasonable expectation of privacy in the vehicle.

Similarly, appellant contends the Commonwealth failed to meet its burden pursuant to *Enimpah*, which held the Commonwealth has the initial burden of producing evidence that the accused had no reasonable expectation of privacy before the accused must persuade the suppression court they did, in fact, have a reasonable expectation of privacy.   Alternatively, appellant claims he should still prevail "[e]ven if the absence of a driver's name on the car's registration would suffice to trigger the accused's burden of persuasion[.]"   *Id*. at 24.   He acknowledges he presented no evidence at the suppression hearing, but argues he was not required to do so since "the Commonwealth's own evidence rebuts [its] assertion that he lacked [a] reasonable expectation of privacy."   *Id*. at 25.   In support, appellant points to the following: the car he was driving as the sole occupant was not reported stolen; he demonstrated a degree of familiarity with the car's contents, such as his hand sanitizer in the center console; and his interaction with Officer Walls indicated they both perceived appellant as having dominion and control over the space with the power to exclude others.

In response, the Commonwealth argues it met its initial burden by introducing evidence that appellant was not the owner of the vehicle, and that he then failed to meet his burden since he did not introduce any evidence showing he had permission to use the

vehicle on the day of his arrest. The Commonwealth claims "[t]his concept — establishing one's permission or authority to use the vehicle — is not only accepted by this Court but has been repeatedly applied by our intermediate courts, for years, without issue." Commonwealth's Brief at 11 (collecting cases).[9] In the Commonwealth's view, once it presented evidence the car was registered to Scott, rather than appellant, the burden shifted to appellant to establish a reasonable expectation of privacy in the vehicle. The Commonwealth submits appellant "offered the suppression court nothing" to attempt to meet his burden. *Id*. at 13. For example, the Commonwealth notes he failed to: "allege that he knew the car's owner[;] . . . allege that he had her permission that day to use the car[; and] . . . did not present the car owner as a witness to testify as to his permission." *Id*. In short, the Commonwealth believes appellant "wholly failed to meet his burden and suppression was properly denied on this basis." *Id*.

The Commonwealth further argues appellant's privacy interest cannot be "established by virtue of his physical presence as the sole occupant driver of a car that has not been reported stolen" because "[t]he law requires the defendant to establish permission in order to demonstrate an expectation of privacy" and "[t]he absence of an affirmative declaration by a car owner that the car was stolen is not the equivalent of affirmative permission for another to use the car." *Id*. Additionally, the Commonwealth posits appellant needed to present his own evidence since "[k]nowledge of an item in a car is not evidence of a privacy interest." *Id*. at 14. The Commonwealth continues that its evidence, namely the expired registration, further negated his permission since the owner most likely would not have wanted the vehicle on the road.

The Commonwealth also says appellant's reliance on *Byrd*, *Newman*, and *Enimpah* is misplaced. The Commonwealth finds *Byrd* "entirely distinguishable" because

---

[9] None of the cases the Commonwealth cites for this proposition are from this Court.

the defendant in that case presented evidence that the authorized driver on the rental agreement gave him permission to use the vehicle. *Id.* at 15. Unlike Byrd, the Commonwealth notes, appellant failed to present evidence suggesting he was permitted to drive the vehicle on the day of his arrest. As to *Newman*, the Commonwealth claims in that case, unlike here, no evidence was presented by the prosecution to meet its initial burden of production. The Commonwealth acknowledges *Newman* used the phrase, "where no evidence to the contrary exists[,]" but it argues such evidence exists here since it presented evidence that appellant was not the registered owner of the vehicle. *Id*. at 16, *quoting Newman*, 84 A.3d at 1078. In the Commonwealth's view, "[t]he defendant's expectation of privacy in *Newman* was not affirmatively proven by the defendant, it was not even put into play by the Commonwealth." *Id*. at 17. The Commonwealth takes similar issue with appellant's reliance on *Enimpah* as the prosecution in that case refused to offer any evidence, and this Court merely held the Commonwealth cannot force a defendant to explain his connection to a vehicle without first meeting its initial burden of production.

Additionally, the Commonwealth asserts defendants do not have a presumed expectation of privacy in a vehicle registered to another solely by their status as the driver. Instead, says the Commonwealth, "this Court [has] made clear that it is a defendant's burden to prove a reasonable and legitimate expectation of privacy in the area searched or evidence seized." *Id*. at 18, *citing Commonwealth v. Peterson*, 636 A.2d 615 (Pa. 1993). While the Commonwealth acknowledges this Court in *Commonwealth v. Sell*, 470 A.2d 457 (Pa. 1983), conferred automatic standing to defendants charged with possessory offenses, it argues *Peterson* made clear a defendant is "required to establish that the challenge he has without question legitimately raised is itself legitimate" and "[i]n order to do so, he must demonstrate that he held such a privacy interest which was actual,

societally sanctioned as reasonable, and justifiable in the place invaded." *Id*. at 19 (emphasis omitted), *quoting Peterson*, 636 A.2d at 617. The Commonwealth observes "this Court has steadfastly reaffirmed this principle without issue." *Id*. (collecting cases). Though the Commonwealth recognizes Article I, Section 8 is linked to the right of privacy, it contends "the critical question here is not whether there may be a hypothetical right of privacy but rather, who bears the burden of establishing that right, and why." *Id*. at 20. To answer that question, the Commonwealth points to *Commonwealth v. Hawkins*, 718 A.2d 265 (Pa. 1998), which it contends stands for the proposition that the right to be free from unreasonable searches and seizures is personal in nature and thus, a defendant cannot obtain relief by claiming someone else's rights were violated by police, but instead must show his own privacy was infringed. *See Hawkins*, 718 A.2d at 269 ("These rights are personal in nature. There is no necessity to exclude evidence against one person in order to protect the rights of another. No rights of the victim of an illegal search are at stake when the evidence is offered against some other party.") (cleaned up), *quoting Commonwealth v. White*, 327 A.2d 40, 42 (Pa. 1974). According to the Commonwealth, "*Hawkins* demonstrates not only that rights of privacy attach to individuals (not things) but also that the burden of proof to demonstrate a privacy interest has always been on the individual who suggests his rights were violated." Commonwealth's Brief at 20.

Finally, the Commonwealth argues policy interests weigh in favor of this Court continuing to follow this principle of law. On the Commonwealth's telling, this principle "serves to protect citizens from unreasonable government intrusion while ensuring that privacy claims are legitimate[,]" which "prevents the courts from becoming overloaded with claims from individuals who have no genuine expectation of privacy in the situation at hand." *Id*. at 21. In addition, the Commonwealth claims it would be unfair to place both the burden of production and persuasion upon the Commonwealth because it would be

forced "to call the owner of the vehicle to establish that the defendant did not have permission" and, in cases where the connection between the driver and registered owner is unknown, force the Commonwealth to do "investigative legwork, consuming in both time and law enforcement resources." *Id*. at 21-22. The Commonwealth also fears that in certain situations — such as when a car is not reported stolen right away or a registered owner expected their vehicle to be returned before the time of the vehicle stop — it will be especially difficult to prove a defendant did not have permission to use the vehicle. As a final point, the Commonwealth warns that if we accept appellant's position here, it will "presumably change[] the burden in any context where an expectation of privacy is at issue: in a home, a business, a storage unit, a computer, etc." *Id*. at 24.

Appellant makes two responses in his reply brief. First, he charges the Commonwealth with overlooking the importance of *Enimpah* and minimizing its burden. According to appellant, the Commonwealth does not meet its burden simply by demonstrating the vehicle was registered to someone else since "non-ownership is not the same as wrongful possession" and *Byrd* distinguished the two, making wrongful possession "the critical element to negating a reasonable expectation of privacy[.]" Appellant's Reply Brief at 2. Because the Commonwealth failed to establish wrongful possession, appellant contends it failed to meet its initial burden of proof. As to the Commonwealth's policy arguments, appellant submits that privacy interests should outweigh any prosecutorial inconvenience, especially in cases such as this one where police have sidestepped the inconvenience of securing a warrant. As appellant sees it, "[t]he preservation of privacy rights serves more than the individual — it preserves trust in soci[et]al institutions and government, including the judiciary and police." *Id*. at 6.

The Fourth Amendment to the United States Constitution provides as follows:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath

or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. Pennsylvania's counterpart, Article I, Section 8 of the Pennsylvania Constitution, states:

The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

PA. CONST. art. I, §8. It is axiomatic that "Article I, [Section 8] can provide no less protection than what the Fourth Amendment requires, but it may establish greater protections than the Fourth Amendment." *Commonwealth v. McCree*, 924 A.2d 621, 626 (Pa. 2007) (opinion announcing judgment of court).

We have held "a defendant charged with a possessory offense in this Commonwealth has 'automatic standing'" to litigate a motion to suppress under the Fourth Amendment and/or Article I, Section 8. *Enimpah*, 106 A.3d at 698. However, to actually prevail on such motion, that is, to be entitled to the suppression of evidence upon a finding of police illegality, a defendant must also show he had a reasonable expectation of privacy in the place searched or thing seized. *See id.* ("In addition to standing, . . . a defendant must show that he had a privacy interest in the place invaded or thing seized that society is prepared to recognize as reasonable."). "In essence, while a defendant's standing dictates when a claim under Article I, §8 may be brought, his privacy interest controls whether the claim will succeed — once a defendant has shown standing, [h]e must, in short, having brought his claim, demonstrate its merits by a showing of his reasonable and legitimate expectation of privacy in the premises." *Id*. at 699 (quotation marks and citation omitted). As this Court explained in *Enimpah*, standing and a reasonable expectation of privacy are not one and the same, but rather "different concepts serving different functions":

Standing is a legal interest that empowers a defendant to assert a constitutional violation and thus seek to exclude or suppress the government's evidence pursuant to the exclusionary rules under the Fourth Amendment of the United States Constitution or Article [I], Section 8 of the Pennsylvania Constitution. . . . It ensures a defendant is asserting a constitutional right of his own. . . . The expectation of privacy is an inquiry into the validity of the search or seizure itself; if the defendant has no protected privacy interest, neither the Fourth Amendment nor Article I, §8 is implicated.

*Id.* at 698-99 (quotations marks and citations omitted).

To establish a reasonable expectation of privacy, a defendant must first demonstrate "a subjective expectation of privacy in the object of the challenged search, and then demonstrate that society [is] willing to recognize that expectation as reasonable." *Commonwealth v. Shabezz*, 166 A.3d 278, 288 (Pa. 2017) (quotation marks and citation omitted; alteration in original). "The resolution of this issue depends upon the totality of the circumstances and ultimately rests upon a balancing of the societal interests involved." *Peterson*, 636 A.2d at 619 (quotation marks and citations omitted). "[O]ne who owns **or** lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of []his right to exclude" others from the property. *Commonwealth v. Gordon*, 683 A.2d 253, 258 (Pa. 1996), *quoting Rakas v. Illinois*, 439 U.S. 128, 143 n.12 (1978) (emphasis added). As this disjunctive phrasing makes plain, ownership of the property at issue is not a requirement for a reasonable expectation of privacy. Indeed, "it is by now well established that a person need not always have a recognized common-law property interest in the place searched to be able to claim a reasonable expectation of privacy in it." *Byrd*, 584 U.S. at 404. Rather, notwithstanding the absence of ownership, evidence of lawful possession or control of property generally suffices to demonstrate a reasonable expectation of privacy therein. *See Gordon*, 683 A.2d at 258 ("[A] defendant can establish a legitimate expectation of privacy, despite

lacking a common-law interest in the real property, if he demonstrates certain characteristics of ownership.").[10]

Although the defendant bears the ultimate burden of persuasion with respect to his reasonable expectation of privacy, the Commonwealth bears the initial burden of production to present evidence the defendant lacked such an expectation. *See Enimpah*, 106 A.3d at 701, *citing Gordon*, 683 A.2d at 256; *see also* Pa.R.Crim.P. 581(H) ("The Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights."). The Commonwealth must satisfy this initial burden of production by a preponderance of the evidence. *See Commonwealth v. Wallace*, 42 A.3d 1040, 1047-48 (Pa. 2012) ("Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights."); *see also* Pa.R.Crim.P. 581 Cmt. ("*Commonwealth ex rel. Butler v. Rundle*, [239 A.2d 426 (Pa. 1968)] . . . establishe[d] a preponderance of the evidence as the standard of proof."). "[A] preponderance of the evidence . . . is 'tantamount to a more likely than not inquiry[.]'" *Cent. Dauphin Sch. Dist. v. Hawkins*, 286 A.3d 726, 741 (Pa. 2022), *quoting Popowsky v. Pa. Pub. Util. Comm'n*, 937 A.2d 1040, 1055 n.18 (Pa. 2007). The Commonwealth may sustain its threshold preponderance burden by means of circumstantial evidence. *See Commonwealth v. Mitchell*, 334 A.2d 285, 286 (Pa. 1975) (plurality) (holding Commonwealth could sustain its burden of proving by preponderance of evidence at

---

[10] An important caveat to this principle is that "wrongful presence at the scene of a search [does] not enable a defendant to object to the legality of the search." *Byrd*, 584 U.S. at 409 (quotation marks and citation omitted). Therefore, "[n]o matter the degree of possession and control, the car thief [does] not have a reasonable expectation of privacy in a stolen car." *Id.*

suppression hearing that challenged statement was voluntary through circumstantial evidence).

Of course, "[t]he Commonwealth may concede the privacy interest, choosing to contest only the legality of police conduct[, and] if it does so, the defendant's 'reasonable expectation of privacy' need not be established." *Enimpah*, 106 A.3d at 701. "However, if the evidence of the Commonwealth, the party with the burden of production, shows the defendant lacked such a privacy interest, the burden of establishing the contrary is on the defendant." *Id.* In other words, upon the Commonwealth's satisfaction of its threshold burden of production to demonstrate by a preponderance of the evidence that the defendant lacked a reasonable expectation of privacy, the defendant must carry his burden of persuasion to establish his privacy interest in the area searched or evidence seized. While "the defendant will typically present his own evidence to satisfy this burden, he is not required to do so[,]" and may meet his burden of persuasion through evidence adduced entirely by the Commonwealth. *Id.* at 702 n.6.

Here, the Superior Court's holding that "[a]ppellant failed to establish a reasonable expectation of privacy in the vehicle he was driving" was based exclusively on the evidence "he was driving a car that was not registered to him." *Anderson*, 2023 WL 8433926, at *5. Thus, the panel determined the fact the car was registered to someone other than appellant was alone sufficient to sustain the Commonwealth's initial burden of production to show by a preponderance of the evidence that appellant lacked a reasonable expectation of privacy in the vehicle. The Commonwealth likewise insists the evidence the car was not registered in appellant's name was, in and of itself, adequate to shift the burden of persuasion to appellant. *See* Commonwealth's Brief at 12-13 ("Here, the Commonwealth's evidence demonstrated that the vehicle driven by the defendant was registered to Marchel[l] Scott — not [appellant]. At that point, the burden shifted to

[appellant] to establish a reasonable expectation of privacy in the car."). We cannot agree.

The bare fact the car driven by appellant was not registered to him did not, without more, render it more likely than not that he lacked a reasonable expectation of privacy in the vehicle. To be sure, this evidence supported that appellant did not **own** the car. In Pennsylvania, only the owner of a vehicle can register it with the Commonwealth's Department of Transportation.[11] However, as discussed, ownership is not a prerequisite to a reasonable expectation of privacy. Irrespective of whether the defendant owns the property at issue, a legitimate privacy interest may nonetheless arise from the defendant's **lawful possession or control** thereof. *See Gordon*, 683 A.2d at 258. While the registration evidence was indicative of non-ownership, it did not meaningfully speak to the issue of lawful possession, much less make it more likely than not that appellant did not lawfully possess the vehicle. Clearly, appellant did not have to own the car or have it registered in his name in order for him to lawfully possess it. On the contrary, there are any number of plausible scenarios under which a driver may lawfully possess a car registered to someone else. For example, the registered owner could have specifically lent the car to the driver; the owner and driver may have an ongoing agreement allowing the driver to use the car; they could be members of the same household with an implicit arrangement to share the vehicle; the driver could have rented the car from the owner; the driver could have rented the car from someone else in good faith; an additional lawful possessor of the car besides the owner could have given the driver permission to use it; the owner could have abandoned the car; or the car could have been sold or otherwise

---

[11]    *See* Commonwealth of Pa., *Register a Vehicle*, https://www.pa.gov/services/dmv/register-a-vehicle.html#accordion-3a8d346ea0-item-98c562c8f0 (last visited June 24, 2025) ("You'll have to prove that you are the owner of the vehicle before you register the car in the state of Pennsylvania.").

transferred to the driver but the registration was not updated to reflect this fact. This is surely not an exhaustive list. Indeed, we find it safe to presume that at any given time on the roadways of this Commonwealth, there are a great many drivers in lawful possession of vehicles registered to someone else. Given the many and varied circumstances under which appellant could have lawfully possessed the car, the thin reed of the car's registration in Scott's name, standing alone, did not carry the Commonwealth's threshold burden to establish by a preponderance of the evidence that he was not in lawful possession of the vehicle and thus lacked a reasonable expectation of privacy. In so concluding, we are obliged to hold the Superior Court erred. We hold instead that evidence indicating the driver of a vehicle is not the registered owner, standing alone, is insufficient to meet the Commonwealth's initial burden of production and, consequently, such evidence does not shift the burden of proving a reasonable expectation of privacy to the defendant.

In so holding, we hasten to emphasize the narrowness of our decision. We do not foreclose the possibility that evidence a vehicle is registered to someone else, together with other indicia of unlawful possession, may suffice to meet the Commonwealth's initial burden under a totality of the circumstances analysis. *See Peterson*, 636 A.2d at 619 ("The resolution of this issue depends upon the totality of the circumstances and ultimately rests upon a balancing of the societal interests involved."); *cf. Barr*, 266 A.3d at 43 (holding the odor of marijuana alone in a vehicle does not amount to probable cause but noting "the lawful possession and use of marijuana, in conjunction with other articulable facts supporting a finding of probable cause, may be considered in the requisite analysis of the totality of the circumstances"). The totality of the circumstances here included the following: the car had an expired inspection sticker; the car's registration was expired; appellant had a suspended driver's license due to a DUI conviction;

appellant was acting "[e]xtremely nervous" during the traffic stop; the car was not reported stolen; appellant opened the center console and said, "I don't have anything in here except hand sanitizer[;]" and following the recovery of the gun, appellant told the officer "I was the only person in the car, so it has to be mine[.]" *See* N.T. Suppression Hearing, 2/24/21, at 12, 18, 22-24, 34.

Because the question upon which we granted review is confined to whether evidence that a driver is not the registered owner is sufficient by itself to carry the Commonwealth's initial burden of production, we do not resolve the separate issues of whether the Commonwealth here carried its threshold burden based on the totality of the evidence, and if so, whether appellant sustained his ultimate burden of persuasion. Nor, for that matter, do we address the trial court's alternate holding that suppression was unwarranted regardless of whether appellant had a reasonable expectation of privacy in the vehicle. *See* Trial Court Op., 11/8/22, at 4 ("The traffic stop lawfully evolved into an investigative detention. A lawful pat-down for officer safety occurred, as well as a lawful protective sweep of the defendant's reachable area within the vehicle."); *see also In re A.J.R.-H.*, 188 A.3d 1157, 1175-76 (Pa. 2018) ("The 'right for any reason' doctrine allows an appellate court to affirm the trial court's decision on any basis that is supported by the record.") (internal citation omitted). Instead, we leave these issues beyond the scope of our allocatur grant for the Superior Court's consideration in the first instance on remand. *See Commonwealth v. Koger*, 295 A.3d 699, 711 n.12 (Pa. 2023) (this Court's "usual practice" with respect to issues not addressed in the lower court is to remand for further consideration).

The decision of the Superior Court is reversed, and the case is remanded to that court for further proceedings consistent with this opinion.

Chief Justice Todd and Justices Donohue, Wecht, Mundy, Brobson and McCaffery join the opinion.